```
                                        FILED
                                       AUG 2 4 2005
                                      T.S. McGREGOR, CLERK
                                      U.S. BANKRUPTCY COURT
                                    EASTERN DISTRICT OF WASHINGTON
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br>Debtor. | Jointly Administered Under<br>No. 04-00757-W11 |
| In re:<br>SUMMIT SECURITIES, INC.,<br>Debtor. | MEMORANDUM DECISION RE:<br>RONALD PELLEGRINO'S MOTION<br>FOR LIMITED RELIEF FROM<br>AUTOMATIC STAY (#4280) |

Mr. Ronald Pellegrino was the general manager and briefly the President of Metropolitan Investment Securities, Inc. ("MIS") prior to the termination of the debtor's business in December, 2003. Mr. Pellegrino held various licenses as a securities representative from National Association Securities Dealers ("NASD"). After an investigation, NASD commenced disciplinary proceedings against Mr. Pellegrino in which it seeks to impose undefined sanctions. As a former officer and director of MIS, Mr. Pellegrino sought reimbursement for the costs of defending himself in the investigation and disciplinary proceeding from the primary D&O insurance policy for the three debtors, Metropolitan Mortgage & Securities Co., Inc., Summit Securities, Inc. and Metropolitan Investment Securities, Inc. That policy was issued by National

MEMORANDUM DECISION RE: . . . . - 1

Union Insurance ("National Union") and is policy No. 263-38-69 which is the subject of the interpleader adversary No. 05-80135-PCW. It is also one of the policies referenced in the Court's Memorandum Decision issued June 20, 2005 in the adversary proceeding *Metropolitan Mortgage & Securities, Inc., et al. v. Keith Cauvel, et al.*, No. A04-00061-PCW, which determined that the proceeds of certain insurance policies constituted property of the bankruptcy estates. National Union has advised Mr. Pellegrino that it would pay the costs of defense under a reservation of rights. Without payment of the costs of defense from the policy proceeds, Mr. Pellegrino would be unable to fund the defense. He is without employment and is contemplating a personal bankruptcy.

The moving party in its Motion for Limited Relief from Automatic Stay and in its oral argument seeks two forms of relief: (1) A determination that the continuation of the disciplinary proceeding constitutes a violation of the automatic stay; and (2) a lifting of the automatic stay to allow the costs of defending the proceeding be reimbursed from the insurance proceeds. NASD argues that the stay does not preclude the commencement or continuation of the disciplinary proceeding. Other objecting parties contend that allowing distribution of some of the policy proceeds to reimburse the costs of defense would deplete property of the estate and should not be allowed.

The written decision issued June 20, 2005 (Adversary No. A04-00061-PCW, Docket No. 223) concluded that the proceeds of the insurance policies constitute property of the estate. Pursuant to 11 U.S.C. § 362, any act to collect or exercise control over that property, i.e., a request to receive distribution of the proceeds,

MEMORANDUM DECISION RE: . . . . - 2

would violate the automatic stay. That decision does not discuss whether the continued existence of any specific lawsuit or arbitration proceeding violates the automatic stay.

**Issue: Is the Commencement or Continuation of the Disciplinary Proceeding Stayed by 11 U.S.C. § 362?**

As a general proposition, the stay does not prevent the commencement or continuation of any legal proceeding by a third party against a non-debtor even though the factual situation which gave rise to the legal proceeding involved conduct of a debtor. In this situation, the third party, the NASD, has commenced a disciplinary action against Mr. Pellegrino, a non-debtor. Even though Mr. Pellegrino may have been employed by a debtor, nothing in 11 U.S.C. § 362 precludes the third party from taking action to impose sanctions, monetary or otherwise, against that non-debtor.

Naming non-debtors as defendants and asserting claims against the non-debtors is not a violation of the stay. Even though such non-debtors may be jointly liable with a Chapter 7 or Chapter 11 debtor, their status as a joint obligor does not extend the protections of the stay to them. Should one of the debtors be named as a defendant or should a particular legal proceeding seek "to recover a claim against the debtor," § 362(a)(1) stays the legal proceeding. It is conceivable that some of the legal proceedings referenced in the prior decision regarding insurance policy proceeds would be subject to § 362(a)(1). However, it appears that many of the legal proceedings now pending name only non-debtors and seek to recover only claims against non-debtors. Those legal proceedings would not be stayed. Any disputes regarding applicability of § 362(a)(1) to a particular proceeding

MEMORANDUM DECISION RE: . . . . - 3

would have to be resolved on a case-by-case basis. This NASD disciplinary proceeding does not attempt to realize upon a claim against the debtor and its continuation does not violate § 362(a)(1).

**Issue: Should the Stay be Lifted to Allow Mr. Pellegrino to Seek Reimbursement of His Costs of Defense From the Insurance Proceeds?**

11 U.S.C. § 362(a)(3) does preclude any action to collect or exercise control over property of the estate. Even though the litigation itself does not violate the stay, any attempt to seek reimbursement of defense costs or payment of a monetary judgment from property of the estate would violate the stay. The proceeds of certain insurance policies constitute property of one or more of the bankruptcy estates. Any attempt to exercise control over those policy proceeds, such as seeking a distribution of the proceeds violates § 362(a)(3).

In other words, the continuation of the legal proceedings referenced in the prior decision violate the stay only to the extent there is an attempt to effect property of the estate, i.e., an attempt to collect a judgment or settlement amount resulting from the legal proceeding. Mr. Pellegrino's request is that the automatic stay be lifted so that he may effect property of the estate, i.e., receive a distribution of the insurance proceeds to reimburse his defense costs in this legal proceeding.

There appears to be a dispute as to whether Mr. Pellegrino is entitled to receive benefits under the National Union policy and share in the policy proceeds. This, however, is not the forum or procedure to resolve that dispute. He seeks permission to seek a distribution from the policy proceeds to pay his costs of defense

MEMORANDUM DECISION RE: . . . . - 4

and for purposes of this motion, it should be assumed that he would be entitled to do so under the terms of the policy.

Mr. Pellegrino argues that cause exists to lift the automatic stay to allow the defense costs to be paid. He is unable to pay those costs and the disciplinary proceeding could potentially result in extremely serious long term adverse consequences. It is likely, however, that many individual defendants to the numerous lawsuits, NASD arbitration proceedings and class action litigation are similarly situated. Even though the defense costs requested by Mr. Pellegrino may be only a small portion of the policy proceeds, as was previously found in the decision regarding the insurance proceeds, the cumulative costs of defending all those legal proceedings will greatly deplete the policy proceeds. As sympathetic as the Court may be to those defendants who have no means to pay the very significant costs of defense or any judgment, any diminution of the proceeds reduces the value of the debtors' rights to the insurance proceeds, thus potentially reducing property of the estate otherwise available to pay creditors.

Balancing the rights of claimants such as Mr. Pellegrino against the rights of the bankruptcy estates, leads to the conclusion that the interest of the bankruptcy estates in the policy proceeds must be preserved. As a general proposition, the stay should not be lifted to allow distribution of insurance policy proceeds. If a situation exists in which the equities require a different result, the merits would have to be addressed in the context of a motion addressing that situation.

Lastly, the effect of the existing interpleader action No. 05-800135-PCW must be considered. That adversary proceeding was

MEMORANDUM DECISION RE: . . . . - 5

commenced by National Union and placed the proceeds of policy No. 263-38-69 into the registry of the Court. The Complaint seeks a determination of the respective interests of the numerous parties who are, or may be, entitled to receive the policy proceeds. Lifting the automatic stay to allow Mr. Pellegrino or similarly situated defendants to seek reimbursement of defense costs or even payment of monetary judgments rendered against those defendants is inconsistent with the orderly administration of the interpleader action and the orderly resolution of the issues in that adversary proceeding.

## CONCLUSION

The automatic stay is not applicable to the NASD litigation against Mr. Pellegrino. However, the automatic stay prohibits Mr. Pellegrino from seeking reimbursement of his defense costs, and Mr. Pellegrino has not shown cause for lifting the stay.

DATED this 24th day of August, 2005.

PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . . - 6