RECEIVED: 11/13/2006 05:21:27 PM

Parker C. Folse, III
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
(206) 516-3880

Special Counsel for the Metropolitan
Creditors Trust, the Summit Creditors Trust,
Metropolitan Mortgage & Securities Co., Inc.,
and Summit Securities, Inc.

Barry W. Davidson
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Counsel for Metropolitan Mortgage & Securities
Co., Inc. and the Metropolitan Creditors' Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>METROPOLITAN MORTGAGE & SECURITIES CO., INC.,<br><br>          Debtor.<br>_____<br><br>In re:<br><br>SUMMIT SECURITIES, INC.,<br><br>          Debtor.<br>_____ | Jointly Administered Under:<br>No. 04-00757-W11<br><br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER BARRING THIRD-PARTY CLAIMS FOR CONTRIBUTION OR INDEMNITY** |

**THIS MATTER** came on regularly for consideration upon the Motion filed October 23, 2006, by Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan") and Summit Securities, Inc. ("Summit"), the Metropolitan

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-1

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 1 of 9

Creditors' Trust, and the Summit Creditors' Trust (the "Trusts") for entry of an order permanently barring persons and entities who are not parties to a Settlement Agreements entered into by the Debtors and a proposed class of purchasers of the Debtors' securities in *In re Metropolitan Securities Litigation*, No. CV-04-025-FVS (E.D. Wash.) (the "Class Action") from asserting, commencing, or continuing certain claims for contribution and indemnity against the following parties to the Settlement Agreement: Robert Bruce J. Blohowiak, B. Elaine Hoskin, Gary D. Brajcich, the Estate of Harold W. Erfurth, Reuel C. Swanson, Irv Marcus, William A. Smith, William D. Snider, John T. Trimble, Erik E. Skaggs, and Robert A. Ness (collectively hereinafter referred to as "Settling Directors and Officers"). Having made the findings of fact and conclusions of law set forth herein pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with findings of fact to be construed as conclusions of law when appropriate, and with all capitalized terms not otherwise defined herein to be defined as set forth in the Settlement Agreement filed in connection with the Motion;

NOW THEREFORE, the Court makes the following Findings of Fact:

1. In compliance with Wash. Rev. Code § 4.22.060(1), the Debtors and Trusts properly transmitted notice of the motion for entry of the proposed bar order on all known persons with potential claims for contribution and indemnity against

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-2

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 2 of 9

the Settling Directors and Officers and the Additional Released Parties (as that term is defined in the Settlement Agreement).

2. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all persons served with notice.

3. The Court has considered the reasonableness of the Settlement Agreements in accordance with the requirements of Wash. Rev. Code § 4.22.060(1).

4. The Court has considered the factors applicable under Bankruptcy Rule 9019 in assessing the fairness, reasonableness and adequacy of the Settlement Agreement. In particular, the Court has considered:

- The probability of success in the litigation – the complex facts underlying the claims and the defenses that would be raised make this factor weigh in favor of finding the settlement is reasonable;

- The difficulties to be encountered in collection of the judgment – the record establishes that settlement at this juncture allows recovery of available insurance proceeds that would be exhausted through continued litigation and that recovery from other assets is unlikely;

- The complexity of the litigation and the expense, inconvenience, and delay – each of these factors militates in favor of approving the settlement as reasonable, particularly the balance of an assured recovery now as against uncertain recovery after lengthy proceedings;

- The paramount interest of the creditors and a proper deference to their reasonable views – the Court notes that the Creditors' Trusts have previously approved the Settlement Agreement and seek approval of the proposed bar order.

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-3

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 3 of 9

5. The Court has also considered the factors applicable under RCW 4.60.060 in assessing the fairness, reasonableness and adequacy of the proposed settlement. In particular, the Court has considered:

- The releasing person's damages and the merits of the releasing person's liability theory – the facts concerning both the amount of damages and the elements of the underlying claim against the Settling Directors and Officers are complex and contested, so this factor weighs in favor of reasonableness.

- The merits of the released person's defense theory – the Settling Directors and Officers would have vigorously asserted defenses as to which the facts are complex and contested, so this factor weighs in favor of reasonableness.

- The released person's relative faults – the Settling Directors and Officers, and each of them, have been the subject of investigations by the court-appointed Examiner and the Debtors and have not been identified as having received any improper benefits from their affiliation with the Debtors, so this factor weighs in favor of reasonableness.

- The risks and expenses of continued litigation – as noted above, continued litigation would be complex, lengthy and expensive with significantly uncertain outcome.

- The released person's ability to pay – as noted above, the settlement enables the Trusts to recover from available insurance proceeds, which form the best source of recovery.

- Evidence of bad faith, collusion, or fraud – the record before the Court amply demonstrates that this settlement was the result of good faith, arm-length and contested negotiations conducted by qualified counsel.

- The extent of the releasing person's investigation and preparation of the case – Debtors and Trusts have had the benefit of an extensive investigation conducted by the Examiner appointed by this Court as well as access to the relevant records and have hired qualified counsel to assess the merits of the claim.

- The interests of the parties not being released – the non-released parties have

not objected to the settlement and their interests are being protected through the judgment reduction mechanisms included in this Order.

6. The Court's consideration of these factors leads it to conclude that the proposed settlement was entered into in good faith and is a fair, adequate and reasonable settlement of the released claims.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1. The Court has subject matter jurisdiction over the claims being released against the Settling Directors and Officers and the Additional Released Parties and the authority to determine the reasonableness of the settlement pursuant to Bankruptcy Code §§105 and 157 and Bankruptcy Rules 7016 and 9019.

2. The factors considered by the Court in assessing the fairness, reasonableness and adequacy of the proposed settlement are factors applicable under Bankruptcy Rule 9019.

3. The factors considered by the Court in assessing the fairness, reasonableness and adequacy of the proposed settlement are factors applicable under RCW 4.60.060.

4. The Settlement Agreement was entered into in good faith and is a fair,

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-5

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 5 of 9

adequate and reasonable settlement of the released claims and is sufficient to discharge the Settling Directors and Officers and the Additional Released Parties from all such claims. The Settling Directors and Officers and the Additional Released Parties are entitled to be discharged from liability from third parties for contribution or indemnification or any other claims where the claimant's injury is liability to the Debtors or the Trusts as provided under RCW 4.60.060 or any comparable statute or common law of any other state.

5. The Debtors and Trusts have shown under applicable law that an Order should be entered providing that all persons or entities who are not parties to the Settlement Agreement are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against the Settling Directors and Officers or the Additional Released Parties, however styled, whether legal or equitable, known or unknown, whether for indemnification or contribution or otherwise denominated (including claims for breach of contract or misrepresentation), where the claimant's injury is the claimant's liability to the Debtors or the Trust and where the claim is based on, arises out of or relates to any claims released by the Debtors and the Trusts pursuant to the Settlement Agreement, including, without limitation, any claim in which such non-settling party seeks to recover from any of the Settling Directors and Officers or the Additional Released Parties (1) any amounts that such non-settling party has paid,

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-6

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 6 of 9

become liable to pay, or may become liable to pay in any proceeding commenced by the Debtors or the Trusts against such non-settling party based on, arising out of, or relating to claims they have released pursuant to the Settlement Agreement, or (2) any costs, expenses, or attorney fees that a non-settling party has incurred or may incur in defending against any such claim asserted against it by the Debtors or the Trusts (hereafter "Barred Claims"), and further that all Barred Claims should be extinguished, discharged, satisfied and made unenforceable.

6. Because non-settling parties are barred from asserting any Barred Claims against the Settling Directors and Officers and the Additional Released Parties, any final verdict or judgment entered against non-settling parties by the Debtors or Trusts, based on claims that would have given rise to a right by such non-settling parties to assert Barred Claims but for the terms of this Order, should be reduced as determined by and provided for under the law applicable to such Barred Claims.

7. If the Debtors or the Trusts obtain a settlement, judgment or verdict against a person based upon, arising out of, or relating to the claims they have released pursuant to the Settlement Agreement, and, notwithstanding the bar order which this Court has agreed to enter, that person obtains a recovery against a Settling Director or Officer or an Additional Released Party on a Barred Claim for (1) amounts that person has become liable to pay or may become liable to pay to

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-7

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 7 of 9

the Debtors or the Trusts and/or (2) any costs, expenses or attorney fees that person has incurred in defending such claims, then the Debtors or Trusts should reduce or credit any judgment or settlement against that person by the amount of that person's recovery against the Settling Director or Officer or the Additional Released Party, which amount should then be credited to the person's recovery against the Settling Director or Officer or the Additional Released Party.

8. If a Barred Claim is asserted against a Settling Director or Officer or an Additional Released Party in a lawsuit or arbitration proceeding in which neither the Debtors nor the Trusts are a party, it is appropriate to require that such Settling Director or Officer or Additional Released Party provide the Debtors and the Trusts with notice of the Barred Claim in writing sent to:

> Maggie Lyons
> Metropolitan Creditors Trust
> Summit Creditors Trust
> 12810 E. Nora, Suite D
> Spokane Valley, WA 99216
>
> Parker C. Folse, III
> Susman Godfrey, LLP
> 1201 Third Ave., Suite 3800
> Seattle, WA 98101

It is appropriate to require that such notice be provided not later than thirty (30) days after the time when the Settling Director or Officer or Additional Released Party learns of the assertion of the Barred Claim against him or her. Compliance

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-8

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 12720    Filed 11/15/06    Entered 11/15/06 14:58:08    Pg 8 of 9

with this paragraph, where applicable by its terms, shall be a condition to the obligations of the Debtors and Trusts as described in Paragraph 7 above.

9. The proposed bar order should be entered in the form attached to the Debtors' and Trusts' Motion as Exhibit B.

Presented by:

SUSMAN GODFREY L.L.P.

*/s/ Parker C. Folse, III*
Parker C. Folse, III, WSBA No. 24895
Attorney for Metropolitan Mortgage &
Securities Co., Inc., the Metropolitan
Creditors' Trust, Summit Securities, Inc.,
and the Summit Creditors' Trust


DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07980
Attorneys for Metropolitan Mortgage &
Securities Co., Inc. and the Metropolitan
Creditors' Trust

_____
Patricia C. Williams
Bankruptcy Judge

11/15/2006 02:46:03 PM

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE ORDER BARRING CLAIMS-9

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101