Barry W. Davidson
Bruce K. Medeiros
Robert S. Delaney
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Attorneys for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust

Douglas B. Marks
Ford Elsaesser
Bruce A. Anderson
ELSAESSER, JARZABEK, ANDERSON,
  MARKS, ELLIOTT & McHUGH, CHTD.
Lake Plaza Building
P.O. Box 1049
Sandpoint, Idaho 83864
(208) 263-8517

Counsel for Summit Securities, Inc.
and the Summit Creditors' Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br>Debtor.<br>In re. . .<br>**SUMMIT SECURITIES, INC.,**<br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: SUPPLEMENTAL ORDER AUTHORIZING SALE OF LOTTERY RECEIVABLES** |

THIS MATTER having come on regularly for hearing upon the Motion for Supplemental Order Authorizing Sale of Lottery Receivables filed October 13, 2006 *[Docket No. 12642]* (the "Motion for Supplemental Order"), filed by the Metropolitan Creditors' Trust ("Metropolitan") as successor in interest to Metropolitan Mortgage & Securities Co., Inc., and the Summit Creditors' Trust ("Summit") as successor in interest to Summit Securities, Inc., by and through their counsel, pursuant to the Third Amended Joint Plan of Reorganization of

Page 1
Findings of Fact and Conclusions of
Law re: Supplemental Order
Metropolitan Mortgage\Pleadings-cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 12722   Filed 11/15/06   Entered 11/15/06 15:21:27   Pg 1 of 12

Metropolitan Mortgage & Securities Co., Inc. and Summit Securities, Inc. (the "Debtors," or the "Sellers") confirmed by the Court on February 13, 2006 (the "Plan"), for a supplemental order authorizing and approving the Debtors' sale of interests in certain lottery receivables and related assets (the "Receivables") to Stone Street Capital, Inc., its successors and assigns ("Stone Street" or the "Purchaser"), and in connection therewith, the issuance of Supplemental Court Orders (as defined in the Motion For Order Authorizing Sale Of Lottery Receivables And Approving Lottery Receivables Purchase And Sale Agreement (the "Initial Motion"), filed herein on December 8, 2005 *[Docket No. 9185]*), pursuant to the Order Authorizing Sale Of Lottery Receivables And Approving Lottery Receivables Purchase And Sale Agreement (the "Sale Order") entered herein on entered herein on February 23, 2006 *[Docket No. 10543]*, authorizing and approving the sale by the Debtors of certain portfolios of receivables and related assets in accordance with the Lottery Receivables Purchase And Sale Agreement dated November 17, 2005 (the "Agreement") entitling the Sellers to certain payments as set forth herein to the Purchaser; and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with such findings of fact to be construed as conclusions of law and conclusions of law to be construed as findings of fact when appropriate, and all capitalized

Page 2
Findings of Fact and Conclusions of
Law re: Supplemental Order
Metropolitan Mortgage\Pleadings\cp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12722    Filed 11/15/06    Entered 11/15/06 15:21:27    Pg 2 of 12

terms not otherwise defined herein having the meaning given such terms in the Agreement or the Motion for Supplemental Order, as the case may be;

NOW THEREFORE, the Court making the following Findings of Fact:

1. On February 4, 2004 (the "Petition Date"), the Debtors filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the judicial district within which their principal place of business has been located for the one hundred and eighty days immediately preceding the filing of such petitions.

2. The Bankruptcy Court entered an order dated February 13, 2006, confirming the Plan.

3. Pursuant to the Plan, the Receivables owned by Metropolitan or Summit were transferred to the Metropolitan Creditors' Trust or the Summit Creditors' Trust, respectively.

4. The Motion for Supplemental Order concerns the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate, within the meaning of 28 U.S.C. § 157 (b)(2)(B)(n).

5. The Debtors transmitted notice of the Motion for Supplemental Order, the proposed Supplemental Order, and all transactions contemplated thereby, to all persons and entities set forth by the Standing Order, and as

Page 3
Findings of Fact and Conclusions of
Law re: Supplemental Order
Metropolitan-Mortgage\Pleadings-cp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12722    Filed 11/15/06    Entered 11/15/06 15:21:27    Pg 3 of 12

required by the Agreement, including the appropriate lottery commission of each state affected by the proposed Supplemental Order.

6. A reasonable opportunity to object and be heard with respect to the Motion for Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Agreement, including the appropriate lottery commission of each state affected by the proposed Supplemental Order.

7. The Debtors entered into contracts with the individuals identified in the Motion for Supplemental Order (the "Payees"), in which Payees agreed to assign, and Debtors agreed to purchase, the payments identified therein.

8. The Debtors seek to assign the Receivables with the Payees to the Purchaser as set forth in the Motion for Supplemental Order.

9. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the Victor Mackey Receivable from Western United Life Insurance Company ("WULA") to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit, adequately satisfied the requirements of C.R.S.A. §24-35-212. The Supplemental Order will constitute a valid and appropriate judicial order under C.R.S.A. §24-35-212 approving said transfer of the Victor Mackey Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

10. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the James Lee Snyder Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit was a valid transfer and assignment. The Supplemental Order will constitute a valid and appropriate judicial order under RCWA 67.70.100(1) approving said transfer of the James Lee Snyder Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

11. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the Supplemental Order authorizing the transfer of the Pamela Seagrave Receivable and the William Provost Receivable will constitute a valid and appropriate judicial order under M.G.L.A. 10 §28(2).

12. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the Michael Fluellen Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit was valid and enforceable and made for good and valuable consideration and the transfer of the Michael Fluellen Receivable from Debtors' predecessor(s) in interest to Summit was made for good and valuable consideration. The Supplemental Order will constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to said transfer.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the Ronald Swinderman Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit was valid and enforceable and made for good and valuable consideration. The Supplemental Order will constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to said transfer.

14. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the Robert Lukas Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit was valid and enforceable and made for good and valuable consideration. The Supplemental Order will constitute a valid and appropriate judicial order under F.S.A. §24.1153 in regard to said transfer.

15. As set forth in the Declaration of Patricia LaBorde filed herein in support of the Motion for Supplemental Order, the transfer of the Claudia Rae Hayes Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit was valid and enforceable and made for good and valuable consideration. The Supplemental Order will constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to said transfer.

Page 6
Findings of Fact and Conclusions of Law re: Supplemental Order
Metropolitan-Mortgage\Pleadings-cp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12722    Filed 11/15/06    Entered 11/15/06 15:21:27    Pg 6 of 12

16. The Supplemental Order will be binding on each lottery commission, trustee or Annuity Issuer that received notice of the Motion for Supplemental Order, and all parties affected by the proposed Supplemental Order, any and all successors of (a) the Payees, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

17. The Supplemental Order will in no way modify or negate the ownership or control of any annuity contract or other asset owned by a Payor as a means of funding a lottery prize associated with any of the aforementioned Receivables nor shall it modify or negate a Trustee's obligations under any applicable Trust Agreement associated in any manner with any of the Receivables. The lack of opposition by a Payor and its respective compliance with the Supplemental Order will not constitute evidence in this or any other matter that the Payor has waived any rights in connection with any other litigation or claims or rights other than the rights to the Assigned Payments as identified in Exhibit A to the Initial Motion and as described herein.

18. This Court will retain jurisdiction to interpret and enforce the provisions of the Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth herein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12722    Filed 11/15/06    Entered 11/15/06 15:21:27    Pg 7 of 12

paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

19. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Supplemental Order will not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein and the Sellers and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to the Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

20. Findings of Fact and Conclusions of Law re: Supplemental Order Authorizing Sale of Lottery Receivables should be entered as set forth herein.

21. The Supplemental Order should be entered in the form attached to the Motion for Supplemental Order as Exhibit B.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

Page 8
Findings of Fact and Conclusions of
Law re: Supplemental Order
Metropolitan Mortgage\Pleadings.en

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12722    Filed 11/15/06    Entered 11/15/06 15:21:27    Pg 8 of 12

1. All of the Bankruptcy Code and any other applicable law relating to the sale of the Receivables have been satisfied.

2. This Court has jurisdiction over the Motion for Supplemental Order under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion for Supplemental Order in this District is proper under 28 U.S.C. § 1408.

3. The predicates for the relief sought in the Motion for Supplemental Order are set forth in the Plan, the Metropolitan Creditor's Trust, the Summit Creditor's Trust, and the Order Confirming The Third Amended Joint Reorganization Plan Of Metropolitan Mortgage & Securities Co., Inc. And Summit Securities, Inc.

4. As evidenced by the Certificates of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion for Supplemental Order, the proposed Supplemental Order, and all transactions contemplated thereby has been provided as set forth by the Standing Order, and as required by the Agreement, including the appropriate lottery commission of each state affected by the proposed Supplemental Order; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion for Supplemental Order, the proposed Supplemental Order, or the transactions contemplated thereby is or shall be required.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

5. A reasonable opportunity to object and be heard with respect to the Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Agreement, including the appropriate lottery commission of each state affected by the proposed Supplemental Order.

6. The Supplemental Order shall constitute a valid and appropriate judicial order under C.R.S.A. §24-35-212 approving the transfer of the Victor Mackey Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

7. The Supplemental Order shall constitute a valid and appropriate judicial order under RCWA 67.70.100(1) approving the transfer of the James Lee Snyder Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

8. The Supplemental Order authorizing the transfer of the Pamela Seagrave Receivable and the William Provost Receivable shall constitute a valid and appropriate judicial order under M.G.L.A. 10 §28(2).

9. The Supplemental Order shall constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to the transfer of the Michael Fluellen Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

10. The Supplemental Order shall constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to the transfer of the Ronald Swinderman Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

11. The Supplemental Order shall constitute a valid and appropriate judicial order under F.S.A. §24.1153 in regard to the transfer of the Robert Lukas Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

12. The Supplemental Order shall constitute a valid and appropriate judicial order under V.T.C.A., Government Code §466.406 in regard to the transfer of the Claudia Rae Hayes Receivable from WULA to the Debtors' predecessor(s) in interest, the Debtors, and/or Summit.

13. The Supplemental Order shall be binding on each lottery commission, trustee or Annuity Issuer that received notice of the Motion for Supplemental Order, and all parties affected by the proposed Supplemental Order, any and all successors of (a) the Payees, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

14. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein and the

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Debtors and the Purchaser intend to close such transactions as soon as practicable. Any party objecting to entry of the Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

15. The Supplemental Order shall be entered in the form attached to the Motion for Supplemental Order as Exhibit B.

Presented by:

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust

ELSAESSER, JARZABEK,
ANDERSON, MARKS, ELLIOTT
& McHUGH, CHARTERED

*/s/ Ford Elsaesser*
Ford Elsaesser, ISBA No. 02205
Attorney for Summit Securities, Inc.
and the Summit Creditors' Trust



Patricia C. Williams
Bankruptcy Judge

11/15/2006 02:46:13 PM

Page 12
Findings of Fact and Conclusions of
Law re: Supplemental Order
Metropolitan Mortgage\Pleadings.sn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600