Barry W. Davidson
Bruce K. Medeiros
Robert S. Delaney
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Counsel for Metropolitan Mortgage &
Securities Co., Inc. and the
Metropolitan Creditors' Trust

Douglas B. Marks
Ford Elsaesser
Bruce A. Anderson
ELSAESSER, JARZABEK, ANDERSON,
   MARKS, ELLIOTT & McHUGH, CHTD.
Lake Plaza Building
P.O. Box 1049
Sandpoint, Idaho 83864
(208) 263-8517

Counsel for Summit Securities, Inc.
and the Summit Creditors' Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br>Debtor.<br>In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: TWENTY-SEVENTH SUPPLEMENTAL ORDER AUTHORIZING TRANSFER OF CERTAIN RECEIVABLES**<br><br>**(SSC SETTLEMENTS LLC)** |

THIS MATTER having come on regularly for hearing upon the Motion filed November 15, 2006 *[Docket No. 12724]* (the "Twenty-Seventh Motion"), of Metropolitan Mortgage & Securities Co., Inc. and the Metropolitan Creditors' Trust (collectively referred to herein as "Metropolitan") and Summit Securities, Inc. and the Summit Creditors' Trust (collectively referred to herein as "Summit"), by and through their counsel, for a Twenty-Seventh Supplemental Order

Page 1
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 1 of 18

Authorizing Transfer Of Certain Receivables (the "Twenty-Seventh Supplemental Order"), pursuant to the Order Authorizing Sale Of Structured Settlements, Approving Receivables Purchase Agreement, And Granting Related Relief entered herein on May 23, 2005 *[Docket No. 3028]* (the "Portfolio Sale Order"), authorizing and approving the sale by Metropolitan and Summit (the "Debtors" or the "Sellers") of certain portfolios of receivables and related assets, including, but not limited to, Purchase and Sale Agreements, related judgments, settlements, and court orders (the "Debtors' Contracts"), entitling the Sellers to certain payments as set forth herein to SSC Settlements, LLC (the "Purchaser"), and in connection therewith, the issuance of Supplemental Court Orders[1] (as defined in the Portfolio Sale Order); and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with such findings of fact to be construed as conclusions of law when appropriate, and with such conclusions of law to be construed as findings of fact when appropriate, and all capitalized terms not otherwise defined herein having the meanings given such terms in the

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning set forth in the Receivables Purchase Agreement dated as of March 12, 2005 (the "Purchase Agreement"). Certain of the terms of the Purchase Agreement are summarized herein. Reference is made to the Purchase Agreement for a complete recitation of the terms of the proposed transaction. In the event of conflict between the terms as summarized herein and the actual terms of the Purchase Agreement, the Purchase Agreement will control.

Page 2
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 2 of 18

Twenty-Seventh Motion, the Portfolio Sale Order, or the Purchase Agreement, as the case may be;

NOW THEREFORE, the Court makes the following Findings of Fact:

1. On February 4, 2004 (the "Petition Date"), the Debtors filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the judicial district within which their principal places of business have been located for the one hundred and eighty days immediately preceding the filing of such petitions.

2. The Twenty-Seventh Motion concerns the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate, within the meaning of 28 U.S.C. § 157 (b)(2)(B)(n).

3. The Debtors transmitted notice of the Twenty-Seventh Motion and all transactions contemplated thereby, to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

4. A reasonable opportunity to object and be heard with respect to the Twenty-Seventh Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the

Page 3
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 3 of 18

Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

5. Certain states have enacted legislation (the "State Transfer Acts") that may, depending on the date of assignment, govern the transfer of the receivables and related assets that are subject to the Supplemental Court Orders. The Debtors and the Purchaser assert that the transfer of each contract from the Debtors to the Purchaser as set forth in the Twenty-Seventh Supplemental Order has either been approved by an applicable State Transfer Act, or is not subject to a State Transfer Act because the contract was entered into prior to the effective date of the applicable State Transfer Act, as set forth in the Declaration Of Patricia La Borde Regarding Applicability Of State Transfer Acts To Future Supplemental Court Orders, filed herein on January 11, 2006 *[Docket No. 9911]*.

6. The Debtors have entered into such a contract with Kenneth E. Causey, Sr. (the "Payee"), with annuity policy number SA19990179, in which Payee agreed to assign, and the Debtors agreed to purchase, certain payments payable under a structured settlement agreement.

7. The Debtors seek to assign the contract with the Payee to the Purchaser. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments in accordance with the payment streams as follows: annual payments of Ten Thousand and 00/100 Dollars ($10,000.00) beginning with the payment

Page 4
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 4 of 18

due and payable on January 1, 2006 through and including the payment due on January 1, 2011 (the " Assigned Payments") to Purchaser's assignee, WMS Income Opportunity Fund (the "Assignee"), or its successors and/or assigns, at the following address: c/o Commonwealth Trust Company, 29 Hill Road, Wilmington, DE 19806, or such other address as the Assignee, or its successors and/or assigns, may designate.

8.  The Assigned Payments shall be made to the Assignee even in the event of death of the Payee. As of the date of entry of the Twenty-Seventh Supplemental Order, the Payee shall no longer have the power or authority to request changes to the Payee's address or beneficiary designation relating to the Assigned Payments. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments to the Assignee.

9.  By making and delivering the Assigned Payments to the Assignee as set forth herein, the Annuity Issuer and Annuity Owner shall have no liability to the Payee for making the payments to the Assignee, and that the Annuity Issuer and Annuity Owner (and any other party that may have liability for the Assigned Payments) shall be discharged and released, as to all parties whatsoever except the Assignee and Purchaser, from any and all liability with respect to the Assigned Payments. The Assignee shall be liable to the Annuity Issuer and Annuity Owner for any liabilities, taxes, or costs of any kind, including

Page 5
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 5 of 18

reasonable costs and attorneys' fees arising from compliance by the Annuity Issuer and Annuity Owner with the Twenty-Seventh Supplemental Order and/or arising as a consequence of the Assignee's failure to comply with applicable law.

10. The Twenty-Seventh Supplemental Order shall in no way modify or negate the ownership or control of the underlying contract by the Annuity Owner and shall be entered without prejudice to the rights of the Annuity Owner and Annuity Issuer and the lack of opposition by the Annuity Issuer and Annuity Owner to this transfer, and their compliance with the Twenty-Seventh Supplemental Order, and the Court's entry of the Twenty-Seventh Supplemental Order, shall not constitute a judicial determination or evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Assignee; or (iv) whether the Annuity Issuer and/or the Annuity Owner have waived any rights in connection with any other litigation or claims or rights other than the rights to the Assigned Payments as described above.

Page 6
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 6 of 18

11. To the extent that the Payee has defaulted on his obligations under any agreement regarding the Assigned Payments, and to the extent that the Sellers have not received any of the Assigned Payments that came due prior to the date of the Twenty-Seventh Supplemental Order, the Assignee may seek to enforce its security interest in the amount of such Assigned Payment or Payments not received (the "Missed Payments"), but in no event may the Assignee enforce its security interest except to recover Missed Payments and only then in an amount not to exceed Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00), and in no event shall the Assignee attempt to collect against any of the periodic payments due to be paid to the Payee after January 1, 2012, and in no event shall the Assignee attempt to collect against more than one-quarter of the payment due on January 1, 2012, and further, Assignee shall disclaim any further interest, other than in the Assigned Payments or in the periodic payments as set forth in this paragraph, in the periodic payments due to be paid to the Payee.

12. The Twenty-Seventh Supplemental Order shall be binding on any and all successors of (a) the Payee, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

13. After the Annuity Issuer and/or the Annuity Owner change the address for the Assigned Payments to the address designated in the Twenty-

Page 7
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 7 of 18

Seventh Supplemental Order, then neither the Annuity Issuer nor the Annuity Owner shall again be required to change the address of the Assigned Payments except for a change of address mandated by (a) reasons beyond the control of Assignee or (b) due to Assignee being merged with or acquired by another person or entity, or for traditional address change purposes (i.e., if Assignee's address is no longer a viable address for the Assignee to receive payments), and in either case (a) or (b), the Annuity Owner and/or the Annuity Issuer shall send the then-remaining Assigned Payments to a new address commencing on a date within sixty (60) days of the receipt by the Annuity Owner and the Annuity Issuer of a notarized writing signed and acknowledged by an authorized officer of Assignee and containing notice of a new address for all (but not less than all) of the then-remaining Assigned Payments.

14. In the event that Assignee further transfers any rights to the Assigned Payments (or any portion of them) to any other person or entity (the "Re-Assignee"), then the Annuity Owner and the Annuity Issuer shall not be obligated to redirect the Assigned Payments (or any portion of them) to the Re-Assignee or to any person or entity other than Assignee; and the Annuity Owner and Annuity Issuer shall have no duty or obligation to the Re-Assignee or to any person or entity other than Assignee.

Page 8
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 8 of 18

15. If the Annuity Owner and/or Annuity Issuer have previously sent to the Payee any of the scheduled Assigned Payments that became due prior to the date of entry of the Twenty-Seventh Supplemental Order, it shall be adjudged that Annuity Owner and Annuity Issuer have fulfilled their obligations to the Payee and to the Assignee with respect to said payments, and Annuity Owner and Annuity Issuer shall be released of any and all liability for such Assigned Payments.

16. The Court shall retain jurisdiction to interpret and enforce the provisions of the Twenty-Seventh Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth herein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

17. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Twenty-Seventh Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon

Page 9
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 9 of 18

issuance thereof. Time is of the essence in closing the transactions referenced herein, as the Debtors and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to entry of the Twenty-Seventh Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

18. Findings of Fact and Conclusions of Law Re: Twenty-Seventh Supplemental Order Authorizing Sale Of Certain Receivables should be entered as set forth herein.

19. The Twenty-Seventh Supplemental Order should be entered in the form attached to the Twenty-Seventh Motion as Exhibit B.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1. All requirements of section 363(b) and (f) of the Bankruptcy Code and any other applicable law relating to the sale of Portfolio Property have been satisfied.

2. This Court has jurisdiction over the Twenty-Seventh Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. §

Page 10
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

157(b)(2)(A). Venue of these cases and the Twenty-Seventh Motion in this District is proper under 28 U.S.C. § 1408.

3. The statutory predicates for the relief sought in the Twenty-Seventh Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4. As evidenced by the Certificates of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Twenty-Seventh Motion and all transactions contemplated thereby (including, without limitation, the assumption and assignment of certain executory contracts), has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363, and Bankruptcy Rules 2002 and 6004, and as set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Twenty-Seventh Motion or the transactions contemplated thereby is or shall be required.

5. A reasonable opportunity to object and be heard with respect to the Twenty-Seventh Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the

Page 11
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 11 of 18

Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

6. The Debtors have entered into such a contract with Kenneth E. Causey, Sr. (the "Payee"), with the annuity policy number SA19990179, in which Payee agreed to assign, and the Debtors agreed to purchase, certain payments payable under a structured settlement agreement. These agreements are funded through the annuity owned by the Annuity Owner and Annuity Issuer described in the Twenty-Seventh Motion.

7. The Debtors seek to assign the contract with the Payee to the Purchaser. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments in accordance with the payment streams as follows: annual payments of Ten Thousand and 00/100 Dollars ($10,000.00) beginning with the payment due and payable on January 1, 2006 through and including the payment due on January 1, 2011 (the " Assigned Payments") to Purchaser's assignee, WMS Income Opportunity Fund (the "Assignee"), or its successors and/or assigns, at the following address: c/o Commonwealth Trust Company, 29 Hill Road, Wilmington, DE 19806, or such other address as the Assignee, or its successors and/or assigns, may designate.

8. The Assigned Payments shall be made to the Assignee even in the event of death of the Payee. As of the date of entry of the Twenty-Seventh

Page 12
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 12762   Filed 12/18/06   Entered 12/18/06 11:36:55   Pg 12 of 18

Supplemental Order, the Payee shall no longer have the power or authority to request changes to the Payee's address or beneficiary designation relating to the Assigned Payments. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments to the Assignee.

9. By making and delivering the Assigned Payments to the Assignee as set forth herein, the Annuity Issuer and Annuity Owner shall have no liability to the Payee for making the payments to the Assignee, and that the Annuity Issuer and Annuity Owner (and any other party that may have liability for the Assigned Payments) are discharged and released, as to all parties whatsoever except the Assignee and Purchaser, from any and all liability with respect to the Assigned Payments. The Purchaser shall be liable to the Annuity Issuer and Annuity Owner for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Issuer and Annuity Owner with the Twenty-Seventh Supplemental Order and/or arising as a consequence of the Assignee's failure to comply with applicable law.

10. The Twenty-Seventh Supplemental Order in no way modifies or negates the ownership or control of the underlying contract by the Annuity Owner and is entered without prejudice to the rights of the Annuity Owner or Annuity Issuer, and the Twenty-Seventh Supplemental Order shall not be deemed to afford any party other than the Annuity Owner any rights of ownership or control

Page 13
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 12762   Filed 12/18/06   Entered 12/18/06 11:36:55   Pg 13 of 18

of the Annuity Contract, and the lack of opposition by the Annuity Issuer and Annuity Owner to this transfer, and their compliance with the Twenty-Seventh Supplemental Order, and the Court's entry of the Twenty-Seventh Supplemental Order, shall not constitute a judicial determination or evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Assignee; or (iv) whether the Annuity Issuer and/or the Annuity Owner have waived any rights in connection with any other litigation or claims or rights other than the rights to the Assigned Payments as described above.

11. To the extent that the Payee has defaulted on his obligations under any agreement regarding the Assigned Payments, and to the extent that the Sellers have not received any of the Assigned Payments that came due prior to the date of the Twenty-Seventh Supplemental Order, the Assignee may seek to enforce its security interest in the amount of such Assigned Payment or Payments not received (the "Missed Payments"), but in no event may the Assignee enforce its security interest except to recover Missed Payments and only then in an

Page 14
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 14 of 18

amount not to exceed Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00), and in no event may the Assignee attempt to collect against any of the periodic payments due to be paid to the Payee after January 1, 2012, and in no event may the Assignee attempt to collect against more than one-quarter of the payment due on January 1, 2012, and further, Assignee disclaims any further interest, other than in the Assigned Payments or in the periodic payments as set forth in this paragraph, in the periodic payments due to be paid to the Payee.

12. The Twenty-Seventh Supplemental Order is binding on any and all successors of (a) the Payee, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

13. After the Annuity Issuer and/or the Annuity Owner change the address for the Assigned Payments to the address designated in the Twenty-Seventh Supplemental Order, then neither the Annuity Issuer nor the Annuity Owner shall again be required to change the address of the Assigned Payments except for a change of address mandated by (a) reasons beyond the control of Assignee or (b) due to Assignee being merged with or acquired by another person or entity, or for traditional address change purposes (i.e., if Assignee's address is no longer a viable address for the Assignee to receive payments), and in either case (a) or (b), the Annuity Owner and/or the Annuity Issuer shall send the then-remaining Assigned Payments to a new address commencing on a date within

Page 15
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 15 of 18

sixty (60) days of the receipt by the Annuity Owner and the Annuity Issuer of a notarized writing signed and acknowledged by an authorized officer of Assignee and containing notice of a new address for all (but not less than all) of the then-remaining Assigned Payments.

14. In the event that Assignee further transfers any rights to the Assigned Payments (or any portion of them) to any other person or entity (the "Re-Assignee"), then the Annuity Owner and the Annuity Issuer shall not be obligated to redirect the Assigned Payments (or any portion of them) to the Re-Assignee or to any person or entity other than Assignee; and the Annuity Owner and Annuity Issuer shall have no duty or obligation to the Re-Assignee or to any person or entity other than Assignee.

15. If the Annuity Owner and/or Annuity Issuer have previously sent to the Payee any of the scheduled Assigned Payments that became due prior to the date of entry of the Twenty-Seventh Supplemental Order, it shall be adjudged that Annuity Owner and Annuity Issuer have fulfilled their obligations to the Payee and to the Assignee with respect to said payments, and Annuity Owner and Annuity Issuer are hereby released of any and all liability for such Assigned Payments.

16. The Court hereby retains jurisdiction to interpret and enforce the provisions of the Twenty-Seventh Supplemental Order in all respects, including,

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 16 of 18

without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth herein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

17. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Twenty-Seventh Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein and the Debtors and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to entry of the Twenty-Seventh Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

18. Findings of Fact and Conclusions of Law Re: Twenty-Seventh Supplemental Order Authorizing Sale Of Certain Receivables shall be entered as set forth herein.

Page 17
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 17 of 18

19. The Twenty-Seventh Supplemental Order shall be entered in the form attached to the Twenty-Seventh Motion as Exhibit B.

Presented by:

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust

ELSAESSER, JARZABEK,
ANDERSON, MARKS, ELLIOTT
& McHUGH, CHARTERED

*/s/ Ford Elsaesser*
Ford Elsaesser, ISBA No. 02205
Attorney for Summit Securities, Inc.
and the Summit Creditors' Trust



*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

12/18/2006 11:17:57 AM

Page 18
Findings of Fact and Conclusions of Law
re: Twenty-Seventh Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 12762    Filed 12/18/06    Entered 12/18/06 11:36:55    Pg 18 of 18