Barry W. Davidson
Bruce K. Medeiros
Robert S. Delaney
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Counsel for Metropolitan Mortgage &
Securities Co., Inc. and the
Metropolitan Creditors' Trust

Douglas B. Marks
Ford Elsaesser
Bruce A. Anderson
ELSAESSER, JARZABEK, ANDERSON,
  MARKS, ELLIOTT & McHUGH, CHTD.
Lake Plaza Building
P.O. Box 1049
Sandpoint, Idaho 83864
(208) 263-8517

Counsel for Summit Securities, Inc.
and the Summit Creditors' Trust

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**METROPOLITAN MORTGAGE &**<br>**SECURITIES CO., INC.,**<br><br><br>Debtor.<br><hr>In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW RE: TWENTY-**<br>**FIRST SUPPLEMENTAL ORDER**<br>**AUTHORIZING TRANSFER OF**<br>**CERTAIN RECEIVABLES**<br><br>**(SSC SETTLEMENTS LLC)** |

THIS MATTER having come on regularly for hearing upon the Motion filed February 2, 2007 *[Docket No. 12822]* (the "Twenty-First Motion"), of Metropolitan Mortgage & Securities Co., Inc. and the Metropolitan Creditors' Trust (collectively referred to herein as "Metropolitan") and Summit Securities, Inc. and the Summit Creditors' Trust (collectively referred to herein as "Summit"), by and through their counsel, for a Twenty-First Supplemental Order Authorizing Transfer Of Certain Receivables (the "Twenty-First Supplemental Order"), pursuant to the Order

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Authorizing Sale Of Structured Settlements, Approving Receivables Purchase Agreement, And Granting Related Relief entered herein on May 23, 2005 *[Docket No. 3028]* (the "Portfolio Sale Order"), authorizing and approving the sale by Metropolitan and Summit (the "Debtors" or the "Sellers") of certain portfolios of receivables and related assets entitling the Sellers to certain payments as set forth herein to SSC Settlements, LLC (the "Purchaser"), and in connection therewith, the issuance of Supplemental Court Orders[1] (as defined in the Portfolio Sale Order); and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with such findings of fact to be construed as conclusions of law when appropriate, and with such conclusions of law to be construed as findings of fact when appropriate, and all capitalized terms not otherwise defined herein having the meanings given such terms in the Twenty-First Motion, the Portfolio Sale Order, or the Purchase Agreement, as the case may be;

NOW THEREFORE, the Court makes the following Findings of Fact:

1. On February 4, 2004 (the "Petition Date"), the Debtors filed their

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning set forth in the Receivables Purchase Agreement dated as of March 12, 2005 (the "Purchase Agreement"). Certain of the terms of the Purchase Agreement are summarized herein. Reference is made to the Purchase Agreement for a complete recitation of the terms of the proposed transaction. In the event of conflict between the terms as summarized herein and the actual terms of the Purchase Agreement, the Purchase Agreement will control.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the judicial district within which their principal places of business have been located for the one hundred and eighty days immediately preceding the filing of such petitions.

2. The Twenty-First Motion concerns the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate, within the meaning of 28 U.S.C. § 157 (b)(2)(B)(n).

3. The Debtors transmitted notice of the Twenty-First Motion and all transactions contemplated thereby, to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

4. A reasonable opportunity to object and be heard with respect to the Twenty-First Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

5. Certain states have enacted legislation (the "State Transfer Acts") that may, depending on the date of assignment, govern the transfer of the receivables and related assets that are subject to the Supplemental Court Orders. The Debtors and the Purchaser assert that the transfer of the contract from the

Page 3
Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Debtors to the Purchaser as set forth in the Twenty-First Supplemental Order has either been approved by an applicable State Transfer Act, or is not subject to a State Transfer Act because the contract was entered into prior to the effective date of the applicable State Transfer Act, as set forth in the Declaration Of Patricia La Borde Regarding Applicability Of State Transfer Acts To Future Supplemental Court Orders, filed herein on January 11, 2006 *[Docket No. 9911]*.

6.    The Debtors have entered into such a contract with Peter G. Maclay (the "Payee"), with annuity contract number FP201649, in which Payee agreed to assign, and the Debtors agreed to purchase, certain payments payable under a structured settlement agreement.

7.    The Debtors seek to assign the contract with the Payee to the Purchaser.  The Annuity Issuer and Annuity Owner shall remit the Assigned Payments in accordance with the payment stream as follows: monthly payments of Two Thousand Nine Hundred Twenty-one Dollars and 89/100 ($2,921.89) beginning with the payment due on November 15, 2009 through and including the payment due on October 15, 2019, increasing three percent (3.00%) each August (the "Assigned Payments") to Purchaser's assignee, WMS Susquehanna Fund (the "Assignee"), or its successors and/or assigns, at the following address: c/o Commonwealth Trust Company, 29 Hill Road, Wilmington, Delaware 19806, or such other address as the Assignee, or its successors and/or assigns, may designate.

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

8. The Assigned Payments shall be made to the Assignee even in the event of death of the Payee. As of the date of entry of the Twenty-First Supplemental Order, the Payee shall no longer have the power or authority to request changes to the Payee's address or beneficiary designation relating to the Assigned Payments. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments to the Assignee.

9. By making and delivering the Assigned Payments to the Assignee as set forth herein, the Annuity Issuer and Annuity Owner shall have no liability to the Payee for making the payments to the Assignee. The Purchaser shall be liable to the Annuity Issuer and Annuity Owner for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Issuer and Annuity Owner with the Twenty-First Supplemental Order and/or arising as a consequence of the Purchaser's failure to comply with applicable law.

10. The Twenty-First Supplemental Order shall in no way modify or negate the ownership or control of the underlying contract by the Annuity Owner and shall be entered without prejudice to the rights of the Annuity Owner and Annuity Issuer and the lack of opposition by the Annuity Issuer and Annuity Owner to this transfer, and their compliance with the Twenty-First Supplemental Order, and the Court's entry of the Twenty-First Supplemental Order, shall not constitute a judicial determination or evidence in this or any other matter

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Assignee; or (iv) whether the Annuity Issuer and the Annuity Owner have waived any rights in connection with any other litigation or claims or rights other than the rights to the Assigned Payments as described above.

11.     The Twenty-First Supplemental Order shall be binding on any and all successors of (a) the Payee, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

12.     The Court shall retain jurisdiction to interpret and enforce the provisions of the Twenty-First Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth herein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13.     Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Twenty-First Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof.  Time is of the essence in closing the transactions referenced herein, as the Debtors and the Purchaser intend to close such transactions as soon as practicable.  Therefore, any party objecting to entry of the Twenty-First Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

14.     The Twenty-First Supplemental Order should be entered in the form attached to the Twenty-First Motion as Exhibit "C."

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter.  To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1.     All requirements of section 363(b) and (f) of the Bankruptcy Code and any other applicable law relating to the sale of Portfolio Property have been satisfied.

2.     This Court has jurisdiction over the Twenty-First Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of these cases and the Twenty-First Motion in this District is proper under 28 U.S.C. § 1408.

DAVIDSON  ❖  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

3.    The statutory predicates for the relief sought in the Twenty-First Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4.    As evidenced by the Certificates of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Twenty-First Motion and all transactions contemplated thereby (including, without limitation, the assumption and assignment of certain executory contracts), has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363, and Bankruptcy Rules 2002 and 6004, and as set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Twenty-First Motion or the transactions contemplated thereby is or shall be required.

5.    A reasonable opportunity to object and be heard with respect to the Twenty-First Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payee, the Annuity Issuer, and the Annuity Owner.

6.    The Debtors have entered into such a contract with Peter G. Maclay (the "Payee"), with the annuity policy number FP201649, in which Payee agreed to assign, and the Debtors agreed to purchase certain payments payable under a

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

structured settlement agreement. These agreements are funded through the annuity owned by the Annuity Owner and Annuity Issuer described in the Twenty-First Motion.

7. The Debtors seek to assign the contract with the Payee to the Purchaser. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments in accordance with the payment stream as follows: monthly payments of Two Thousand Nine Hundred Twenty-one Dollars and 89/100 ($2,921.89) beginning with the payment due on November 15, 2009 through and including the payment due on October 15, 2019, increasing three percent (3.00%) each August (the "Assigned Payments") to Purchaser's assignee, WMS Susquehanna Fund (the "Assignee"), or its successors and/or assigns, at the following address: c/o Commonwealth Trust Company, 29 Hill Road, Wilmington, Delaware 19806, or such other address as the Assignee, or its successors and/or assigns, may designate.

8. The Assigned Payments shall be made to the Assignee even in the event of death of the Payee. As of the date of entry of the Twenty-First Supplemental Order, the Payee shall no longer have the power or authority to request changes to the Payee's address or beneficiary designation relating to the Assigned Payments. The Annuity Issuer and Annuity Owner shall remit the Assigned Payments to the Assignee.

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

9.     By making and delivering the Assigned Payments to the Assignee as set forth herein, the Annuity Issuer and Annuity Owner shall have no liability to the Payee for making the payments to the Purchaser.  The Purchaser shall be liable to the Annuity Issuer and Annuity Owner for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Issuer and Annuity Owner with the Twenty-First Supplemental Order and/or arising as a consequence of the Purchaser's failure to comply with applicable law.

10.     The Twenty-First Supplemental Order in no way modifies or negates the ownership or control of the underlying contract by the Annuity Owner and is entered without prejudice to the rights of the Annuity Owner or Annuity Issuer and the lack of opposition by the Annuity Issuer and Annuity Owner to this transfer, and their compliance with the Twenty-First Supplemental Order, and the Court's entry of the Twenty-First Supplemental Order, shall not constitute a judicial determination or evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Assignee; or (iv) whether the Annuity Issuer and the Annuity Owner have waived any rights in

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

connection with any other litigation or claims or rights other than the rights to the Assigned Payments as described above.

11. The Twenty-First Supplemental Order is binding on any and all successors of (a) the Payee, (b) other interested parties, (c) the Purchaser, and (d) the Assignee.

12. The Court hereby retains jurisdiction to interpret and enforce the provisions of the Twenty-First Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth herein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

13. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Twenty-First Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein and the Debtors and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to entry of the Twenty-First

Findings of Fact and Conclusions of Law
re: Twenty-First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

14.     The Twenty-First Supplemental Order shall be entered in the form attached to the Twenty-First Motion as Exhibit "C."

Presented by:

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust

ELSAESSER, JARZABEK,
ANDERSON, MARKS, ELLIOTT
& McHUGH, CHARTERED

*/s/ Ford Elsaesser*
Ford Elsaesser, ISBA No. 02205
Attorney for Summit Securities, Inc.
and the Summit Creditors' Trust



Patricia C. Williams
Bankruptcy Judge

03/05/2007 11:31:56 AM

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600