Barry W. Davidson
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Counsel for Metropolitan Mortgage & Securities Co., Inc. and the Metropolitan Creditors' Trust

John J. Jolley, Jr.
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
(402) 346-6000

Counsel for Summit Securities, Inc. and the Summit Creditors' Trust

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br>Debtor.<br><br>In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER AUTHORIZING SALE OF TRUST RECEIVABLES FREE AND CLEAR OF LIENS, APPROVING TRUST RECEIVABLES PURCHASE AGREEMENT, AND GRANTING RELATED RELIEF**<br><br>**(SSC SETTLEMENTS LLC)** |

THIS MATTER having come on regularly for hearing upon the Motion filed February 28, 2007 (*Docket No. 12846*) (the "Motion"), of the Metropolitan Creditors' Trust ("Metropolitan") and the Summit Creditors' Trust ("Summit") by and through their respective counsel, for an Order Authorizing Sale Of Trust Receivables Free And Clear Of Liens, Approving Trust Receivables Purchase Agreement, And Granting Related Relief (the "Sale Order"), authorizing and

Page 1
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage \ Pleadings cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 1 of 12

approving the sale by Metropolitan and Summit (the "Trusts[1]" or the "Sellers") to SSC Settlements, LLC (the "Purchaser") of certain portfolios of receivables, payments relating thereto, and related assets held in trust and distributed or to be distributed to the Sellers, including, without limitation, the Select Assets Fund 1998-1 Zero Coupon Assets Backed Certificates (the "Trust Certificates") issued by the Select Assets Fund 1998-1 ("Select," or the "Issuer") pursuant to the Trust Agreement dated November 1, 1998, as amended from time to time (the "Trust Agreement") between Select Assets Funding Corporation (the "Depositor") and Wilmington Trust Company, as owner trustee under the Trust Agreement (the "Owner Trustee"), with such sale to be in accordance with the terms and conditions of the Trust Receivables Purchase Agreement (the "Purchase Agreement") in the form attached to the Motion as Exhibit A, providing for the sale of the assets, properties, rights, contracts, and claims collectively referred to as the "Trust Portfolio Property" to the Purchaser free and clear of liens, claims, and encumbrances, as expressly set forth in the Purchase Agreement, and the granting of certain related relief; and the Court having reviewed the Motion, and having considered the statements of counsel, and adequate and sufficient notice

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning set forth in the Trust Receivables Purchase Agreement. Certain of the terms of the Trust Receivables Purchase Agreement are summarized herein. Reference is made to the Trust Receivables Purchase Agreement for a complete recitation of the terms of the proposed transaction. In the event of conflict between the terms as summarized herein and the actual terms of the Trust Receivables Purchase Agreement, the Trust Receivables Purchase Agreement will control.

Page 2
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage \ Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 3148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 2 of 12

of the Motion, the Purchase Agreement, and all transactions contemplated thereunder and in the order (the "Sale Order"), having been given to those parties in interest entitled to receive notice pursuant to the Standing Order Limiting Notice In Jointly Administered Case entered herein on February 6, 2004 (the "Standing Order"); and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having determined that the legal and factual bases set forth in the Motion and supporting pleadings establish just cause for the relief granted herein; and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with findings of fact to be construed as conclusions of law and conclusions of law to be construed as findings of fact when appropriate, and all capitalized terms not otherwise defined herein shall have the meanings given such terms in the Motion or Purchase Agreement, as the case may be.

NOW THEREFORE, the Court making the following Findings of Fact:

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

Page 3
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage \ Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

2. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

3. On February 4, 2004 (the "Petition Date"), Metropolitan Mortgage & Securities Co., Inc. and Summit Securities, Inc. filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

4. An Order Confirming The Third Amended Joint Reorganization Plan Of Metropolitan Mortgage & Securities Co., Inc. And Summit Securities, Inc. was entered on February 13, 2006, confirming the Third Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Metropolitan Creditors' Trust and the Summit Creditors' Trust were created to fulfill the rights and obligations set forth pursuant to the Plan and the Trust Agreements by which they were created, including the duty to use all commercially reasonable efforts to liquidate, sell or otherwise dispose of, as the case may be, all of the Metropolitan Creditors' Trust Assets and the Summit Creditors' Trust Assets as soon as reasonably possible, subject always to the Plan Administrator's obligation to take all actions in her capacity as the Plan Administrator in a manner consistent with the best interests of the Beneficiaries, with the powers conferred upon her under the Trust Agreements and the Plan and in accordance with the terms and provisions of the Trust Agreements and the Plan.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

5.  As evidenced by the Certificate of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion, the proposed Sale, and all transactions contemplated thereby (including, without limitation, the assumption and assignment of certain executory contracts), has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the proposed Sale, or the transactions contemplated thereby is or shall be required.

6.  A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Claimants, the Annuity Providers, and the Obligors.

7.  As of December 1, 2006, the Sellers and the Purchaser executed the Purchase Agreement providing, among other things, for the sale of Portfolio Property. As of the date hereof, and before the sale contemplated by the Purchase Agreement, Metropolitan and/or Summit own the Portfolio Property. Regardless of which Trust owns the Portfolio Property, the sale thereof, as provided herein and in the Purchase Agreement, is a valid and binding sale of such property.

Page 5
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings\cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

8.  The estimated sale price of the Receivables to be sold by the Metropolitan Trust Portfolio is $3,984,505.58, and the estimated sale price of the Receivables to be sold by the Summit Trust Portfolio is $2,830,245.68.

9.  On February 28, 2007, the Trusts filed the Motion with a copy of the Purchase Agreement *(Docket No. 12846)*.

10. The Trusts have determined that the Purchaser's offer contained in the Purchase Agreement presents the best opportunity to realize the highest value for the Portfolio Property. The consideration provided by the Purchaser pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Portfolio Property, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

11. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. The Purchaser is not an "insider" of either of the Trusts, as that term is defined in Bankruptcy Code section 101. Neither the Trusts nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n). The Trusts have disclosed

Page 6
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage \ Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 6 of 12

that Bill Twitty, former Vice President for Alternative Cash Flows at Metropolitan, and a recognized expert in this asset area, is assisting the Purchaser with this purchase. As Vice President, Mr. Twitty was familiar with the assets to be sold hereunder, and all history associated with their acquisition.

13. The Purchase Agreement and all of the transactions related thereto were negotiated and have been and are undertaken by the Sellers, the Purchaser, and their respective counsel and advisors at arm's length, without collusion and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Sellers and the Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code.

14. Exigent circumstances and sound business reasons exist for the sale of Portfolio Property pursuant to the Purchase Agreement. Entry into the Purchase Agreement and consummation of the transactions contemplated thereby constitute the exercise by the Trusts of sound business judgment, and are in the best interests of the Trusts and their creditors. The Trusts have articulated good and sufficient business reasons justifying the sale of Portfolio Property pursuant to section 363 of the Bankruptcy Code. Such business reasons include, but are not limited to, the fact that: (i) the Purchase Price constitutes the highest or best offer for the Portfolio Property; (ii) the Purchase Agreement and the Closing thereof will present the best opportunity to realize the

Page 7
Findings of Fact and Conclusions of Law Re: Order Authorizing
Sale of Trust Receivables Free and Clear of Liens, Approving Trust
Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings\cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 3148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 7 of 12

value of the Trusts on a going concern basis and avoid decline and devaluation of the Portfolio Property, and (iii) the Purchase Agreement and the Closing thereof will ensure an orderly transfer of the assets from the Trusts to the Purchaser.

15. The Trusts have full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of Portfolio Property has been duly and validly authorized by all necessary corporate power and authority necessary to consummate the transactions contemplated by the Purchase Agreement. No consents or approvals, other than those expressly set forth in the Purchase Agreement (which include entry of the Order and Supplemental Court Orders), are required for the Trusts to consummate such transactions.

16. The consideration to be realized by the Trusts pursuant to the Purchase Agreement is fair and constitutes reasonably equivalent value for the Portfolio Property proposed to be sold thereunder. The Purchase Price is fair and reasonable and is sufficient value for the Portfolio Property.

17. Except as provided in the Purchase Agreement, a sale of Portfolio Property other than one free and clear of the applicable liens, claims, and encumbrances would impact materially and adversely the Trusts, and would yield substantially less value for the Trusts, with less certainty than the available alternatives, and the alternatives would, therefore, be of substantially less benefit

Page 8
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings\cp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 8 of 12

to the Trusts. In reaching this determination, the Court has taken into account the consideration to be realized directly by the Trusts, the indirect benefits of such sale in terms of the Purchaser's assumption of liabilities, and the relative challenges associated with an orderly transfer of title of the Portfolio Property to a third party purchaser. Therefore, the sale of Portfolio Property as contemplated in the Purchase Agreement is in the best interests of the Trusts, creditors, and other parties in interest.

18. The Seller may sell Portfolio Property free and clear of all liens because each entity with a security interest in any Portfolio Property to be transferred on the Closing Date, if any: (i) has consented to the Proposed Sale or is deemed to have consented to the Proposed Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such lien; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of liens who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens who did object are adequately protected by having their liens, if any, attach to the cash proceeds of the Proposed Sale ultimately attributable to the property against or in which they claim a lien, subject to the terms hereof.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 9 of 12

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions Of Law set forth hereafter. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1. All requirements of section 363(b) and (f) of the Bankruptcy Code and any other applicable law relating to the sale of Portfolio Property have been satisfied. Those parties asserting liens on, or other interests in, Portfolio Property who did not object to the Motion, or who have withdrawn their objections, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

2. The transaction reflected in the Purchase Agreement represents the highest or best offer received by the Sellers for Portfolio Property. The Trusts have been authorized under section 363 of the Bankruptcy Code to determine in their business judgment the highest or best offer, taking into account all relevant factors. This determination was made in good faith, in a fair manner, without the presence of fraud.

3. The transactions contemplated by the Purchase Agreement have been bargained for and are undertaken at arm's length, without collusion, and in good faith as that term is used in section 363(m) of the Bankruptcy Code. The Purchaser and the Sellers have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided pursuant to section 363(n) of the

Page 10
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings.cu

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 3148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 10 of 12

Bankruptcy Code. In the absence of a stay pending appeal, if the Purchaser consummates the Purchase Agreement at any time after entry of the Sale Order, the Purchaser shall be entitled to the protections of section 363(m) of the Bankruptcy Code if the Sale Order or any authorization contained herein is reversed or modified on appeal.

4. The transfer of Portfolio Property: (a) represents or will represent a legal, valid, and effective transfer of Portfolio Property; (b) vests or will vest the Purchaser with all right, title, and interest (including common law right) of the Trusts in and to the Portfolio Property; and (c) constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law fraudulent conveyance or fraudulent transfer laws.

5. The transactions contemplated by the Purchase Agreement are determined to be under or in furtherance of a plan of reorganization or liquidation to be confirmed under section 1129 of the Bankruptcy Code in that the net proceeds of the sale of Portfolio Property are essential and required to fund a chapter 11 plan for the Trusts, and therefore, the transfer of Portfolio Property to the Purchaser and the related transactions are exempt under section 1146(c) of the Bankruptcy Code from any stamp or similar tax in all necessary jurisdictions related to the sale and transfer of Portfolio Property to the Purchaser.

Page 11
Findings of Fact and Conclusions of Law Re: Order Authorizing Sale of Trust Receivables Free and Clear of Liens, Approving Trust Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings.cm

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 3148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 11 of 12

6. All provisions of the Sale Order are nonseverable and mutually dependent.

Presented by:

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust


KUTAK ROCK LLP

*/s/ John J. Jolley, Jr.*
John J. Jolley, Jr., NE Bar # 20726
Attorney for Summit Securities, Inc.
and the Summit Creditors' Trust



Patricia C. Williams
Bankruptcy Judge

08/06/2007 01:59:59 PM

Page 12
Findings of Fact and Conclusions of Law Re: Order Authorizing
Sale of Trust Receivables Free and Clear of Liens, Approving Trust
Receivables Purchase Agreement, and Granting Related Relief
Metropolitan Mortgage\Pleadings.cu

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13148    Filed 08/06/07    Entered 08/06/07 14:42:12    Pg 12 of 12