RECEIVED: 01/10/2008 07:57:44 AM

Barry W. Davidson
DAVIDSON ❖ MEDEIROS
1340 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Attorneys for Metropolitan Mortgage &
Securities Co., Inc. and the
Metropolitan Creditors' Trust

John J. Jolley, Jr.
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
(402) 346-6000

Attorneys for Summit Securities, Inc.
and the Summit Creditors' Trust

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In re. . .<br><br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br><br><br>Debtor.<br>In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br><br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: FIRST SUPPLEMENTAL ORDER AUTHORIZING SALE OF TRUST RECEIVABLES FREE AND CLEAR OF LIENS**<br><br>**(SELECT ASSETS FUND 1998-1)** |
|---|---|

THIS MATTER having come on regularly for hearing upon the Motion filed November 12, 2007 *[Docket No. 13204]* (the "Motion for First Supplemental Order"), of the Metropolitan Creditors' Trust ("Metropolitan") and the Summit Creditors' Trust ("Summit"), by and through their respective counsel, for a First Supplemental Order Authorizing Sale Of Trust Receivables Free And Clear Of Liens (the "First Supplemental Order"), pursuant to the terms and conditions of

Page 1
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.sn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

the Order Authorizing Sale Of Structured Settlements Free And Clear Of Liens, Approving Trust Receivables Purchase Agreement, And Granting Related Relief (the "Sale Order"), entered herein on June 8, 2007 *[Docket No. 13061]*, authorizing and approving the sale by Metropolitan and Summit (the "Creditors' Trusts" or the "Sellers") of certain portfolios of receivables, payments relating thereto, and related assets from the Select Assets Fund 1998-1 that are held in trust and were distributed or to be distributed to the Creditors' Trusts, as beneficiaries of such trust estate (the "Trust Portfolio Property") to SSC Settlements, LLC (the "Purchaser"), and in connection therewith, the issuance of Supplemental Court Orders (as defined in the Sale Order); and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with such findings of fact to be construed as conclusions of law when appropriate, and with such conclusions of law to be construed as findings of fact when appropriate, and all capitalized terms not otherwise defined herein having the meanings given such terms in the Motion for First Supplemental Order, the Sale Order, or the Trust Receivables Purchase Agreement (the "Purchase Agreement"), as the case may be;

NOW THEREFORE, the Court makes the following Findings of Fact:

1.     This Court has jurisdiction over the Motion for First Supplemental Order under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding

Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage \ Pleadings.en

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11     Doc 13295     Filed 01/14/08     Entered 01/14/08 15:43:11     Pg 2 of 13

under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion for First Supplemental Order in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought in the Motion for First Supplemental Order are sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

3.     On February 4, 2004 (the "Petition Date"), Metropolitan and Summit filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

4.     An Order Confirming The Third Amended Joint Reorganization Plan Of Metropolitan Mortgage & Securities Co., Inc. And Summit Securities, Inc. was entered on February 13, 2006, confirming the Third Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Metropolitan Creditors' Trust and the Summit Creditors' Trust were created to fulfill the rights and obligations set forth pursuant to the Plan and the Trust Agreements by which they were created, including the duty to use all commercially reasonable efforts to liquidate, sell or otherwise dispose of, as the case may be, all of the Metropolitan Creditors' Trust Assets and the Summit Creditors' Trust Assets as soon as reasonably possible, subject always to the Plan Administrator's obligation to take all actions in her capacity as the Plan Administrator in a manner consistent with the best interests of the Beneficiaries, with the powers conferred upon her under

Page 3
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.an

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

the Trust Agreements and the Plan and in accordance with the terms and provisions of the Trust Agreements and the Plan.

5.     As evidenced by the Certificate(s) of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion for First Supplemental Order and all transactions contemplated thereby, has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion for First Supplemental Order, the proposed sale, or the transactions contemplated thereby is or shall be required.

6.     A reasonable opportunity to object and be heard with respect to the Motion for First Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payees (as defined below), the Annuity Provider, and the Obligor.

7.     The Creditors Trusts' Trust Portfolio Property with the Annuitants (the "Payees"), identified by Annuity Policy Number on Exhibit A attached to the Motion for First Supplemental Order, in which Payees agreed to assign, and the

Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.en

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Creditors' Trusts agreed to purchase certain payments payable under a structured settlement agreement, is hereby assigned to Purchaser.

8.     The Creditors' Trusts seek to assign the payment streams (the "Periodic Payments"), identified in Exhibit A to the Motion for First Supplemental Order that are payable through an annuity owned by Symetra Assigned Benefits Service Company (the "Obligor") and issued by Symetra Life Insurance Company (the "Annuity Provider"), to the Purchaser.  The Annuity Provider and Obligor shall remit the Periodic Payments in accordance with the payment streams set forth in said Exhibit A to Stone Street Settlement Funding (the "Transferee") at the following address: 39121 Treasury Center, Chicago, Illinois 60694-9100, or such other address as the Transferee, or its successor(s), may designate.

9.     The Periodic Payments shall be made to the Transferee even in the event of death of a Payee.  As of the date of entry of the First Supplemental Order, Payees shall no longer have the power or authority to request changes to a Payee's address or beneficiary designation relating to the Periodic Payments.  The Annuity Provider and Obligor shall remit the Periodic Payments to Transferee.

10.     By making and delivering the Periodic Payments to the Transferee as set forth herein, the Annuity Provider and Obligor shall have no liability to the Payees for making the payments to the Transferee.

Page 5
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.sp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

11.    The Transferee shall be liable to the Annuity Provider and Obligor for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Provider and Obligor with the First Supplemental Order and/or arising as a consequence of the Transferee's failure to comply with applicable law.

12.    The First Supplemental Order shall in no way modify or negate the ownership or control of the underlying contract by the Obligor and shall be entered without prejudice to the rights of the Annuity Provider and the lack of opposition by the Annuity Provider and Obligor to this transfer, and their compliance with the First Supplemental Order, and the Court's entry of the First Supplemental Order, shall not constitute evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Transferee; or (iv) whether the Annuity Provider and the Obligor have waived any rights in connection with any other litigation or claims or rights other than the rights to the Periodic Payments as described above.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13295    Filed 01/14/08    Entered 01/14/08 15:43:11    Pg 6 of 13

13. The First Supplemental Order shall be binding upon and shall inure to the benefit of any and all successors and assigns of the (a) Creditors' Trusts, (b) the Purchaser, (c) the Payees, (d) the Transferee, and (e) other interested parties.

14. The Court shall retain jurisdiction to interpret and enforce the provisions of the First Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth therein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

15. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the First Supplemental Order shall not be stayed for ten (10) days after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein, and the Creditors' Trusts and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to entry of the First Supplemental

Page 7
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.sp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

16.     Findings of Fact and Conclusions of Law Re: First Supplemental Order Authorizing Sale of Trust Receivables should be entered as set forth herein.

17.     The First Supplemental Order should be entered in the form attached to the Motion for First Supplemental Order as Exhibit C.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter.  To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1.     All requirements of section 363(b) and (f) of the Bankruptcy Code and any other applicable law relating to the sale of Portfolio Property have been satisfied.  Those parties asserting liens on, or other interests in, Portfolio Property who did not object to the Motion for First Supplemental Order, or who have withdrawn their objections, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

2.     This Court has jurisdiction over the Motion for First Supplemental Order under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of these cases and the Motion for First Supplemental Order in this District is proper under 28 U.S.C. §§ 1408 and 1409.

Page 8
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings sp

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

3.      The statutory predicates for the relief sought in the Motion for First Supplemental Order are sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4.      As evidenced by the Certificate(s) of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion for First Supplemental Order and all transactions contemplated thereby, has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion for First Supplemental Order, the proposed sale, or the transactions contemplated thereby is or shall be required.

5.      A reasonable opportunity to object and be heard with respect to the Motion for First Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payees, the Annuity Provider, and the Obligor.

6.      The Creditors Trusts' Trust Portfolio Property with the Payees, in which Payees agreed to assign, and the Creditors' Trusts agreed to purchase

Page 9
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropoliton Mortgage\Pleadings.en

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

certain payments payable under a structured settlement agreement, is hereby assigned to Purchaser.

7.    The Creditors' Trusts hereby assign the Periodic Payments to the Purchaser. The Annuity Provider and Obligor will remit the Periodic Payments in accordance with the payment streams set forth in said Exhibit A to the Transferee at the following address: c/o Commonwealth Trust Company, 29 Hill Road, Wilmington, Delaware 19806, or such other address as the Transferee, or its successor(s), may designate.

8.    The Periodic Payments shall be made to the Transferee even in the event of death of a Payee. As of the date of entry of the First Supplemental Order, Payees no longer have the power or authority to request changes to a Payee's address or beneficiary designation relating to the Periodic Payments. The Annuity Provider and Obligor shall remit the Periodic Payments to Transferee.

9.    By making and delivering the Periodic Payments to the Transferee as set forth herein, the Annuity Provider and Obligor have no liability to the Payees for making the payments to the Transferee.

10.    The Transferee is hereby liable to the Annuity Provider and Obligor for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Provider and Obligor with

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

the First Supplemental Order and/or arising as a consequence of the Transferee's failure to comply with applicable law.

11.     The First Supplemental Order in no way modifies or negates the ownership or control of the underlying contract by the Obligor and is entered without prejudice to the rights of the Annuity Provider and the lack of opposition by the Annuity Provider and Obligor to this transfer, and their compliance with the First Supplemental Order, and the Court's entry of the First Supplemental Order, shall not constitute evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by Transferee; or (iv) whether the Annuity Provider and the Obligor have waived any rights in connection with any other litigation or claims or rights other than the rights to the Periodic Payments as described above.

12.     The First Supplemental Order is binding upon and inures to the benefit of any and all successors and assigns of the (a) Creditors' Trusts, (b) the Purchaser, (c) the Payees, (d) the Transferee, and (e) other interested parties.

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13.    The Court hereby retains jurisdiction to interpret and enforce the provisions of the First Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth therein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

14.    Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the First Supplemental Order shall not be stayed for ten (10) days after entry thereof, but is effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein, and the Creditors' Trusts and the Purchaser intend to close such transactions as soon as practicable.   Therefore, any party objecting to entry of the First Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

\\\\\

\\\\\

Page 12
Findings of Fact and Conclusions of
Law re: First Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

15.  The First Supplemental Order shall be entered in the form attached to the Motion for First Supplemental Order as Exhibit C.


Presented by:

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage
& Securities Co., Inc. and the
Metropolitan Creditors' Trust


KUTAK ROCK LLP

*/s/ John J. Jolley, Jr.*
John J. Jolley, Jr., NE Bar # 20726
Attorney for Summit Securities, Inc.
and the Summit Creditors' Trust



01/14/2008 01:53:17 PM

Patricia C. Williams
Bankruptcy Judge

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1340 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600