RECEIVED: 04/07/2008 09:26:21 PM

Parker C. Folse, III
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
(206) 516-3880

Barry W. Davidson
DAVIDSON ❖ MEDEIROS
1340 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Counsel for the Metropolitan Creditors' Trust, the Summit Creditors' Trust, Metropolitan Mortgage & Securities Co., Inc., and Summit Securities, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>METROPOLITAN MORTGAGE & SECURITIES CO., INC.,<br><br>                Debtor.<br><br>In re:<br><br>SUMMIT SECURITIES, INC.,<br><br>                Debtor. | Jointly Administered Under:<br>No. 04-00757-W11<br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER AUTHORIZING COMPROMISE OF CLAIMS, APPROVING SETTLEMENT AGREEMENT WITH PRICEWATERHOUSECOOPERS, LLP, BARRING THIRD-PARTY CLAIMS FOR CONTRIBUTION OR INDEMNITY AGAINST PRICEWATERHOUSECOOPERS, LLP, AND SHORTENING TIME** |

Page 1
Findings of Fact and Conclusions of Law re: Order Authorizing Compromise of Claims, Approving Settlement Agreement, Barring Third-Party Claims for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 1 of 8

**THIS MATTER** came on regularly for hearing upon the Motion (the "Motion") filed by Metropolitan Mortgage & Securities Co., Inc. and the Metropolitan Creditors' Trust (collectively, "Metropolitan") and Summit Securities, Inc. and the Summit Creditors' Trust (collectively, "Summit") (Metropolitan and Summit collectively, the "Movants") for an Order Authorizing Compromise of Claims, Approving Settlement Agreement with PricewaterhouseCoopers, LLP, Barring Third-Party Claims for Contribution and Indemnity Against PricewaterhouseCoopers, LLP, and Shortening Time. Pursuant to the Motion, Movants seek an Order barring certain claims for contribution and indemnity that might be asserted against PricewaterhouseCoopers, LLP ("PwC"). Movants request entry of such an Order pursuant to a Settlement Agreement they have entered into with PwC to resolve disputed claims that Movants asserted against PwC in litigation captioned *Metropolitan Creditors' Trust, Metropolitan Mortgage & Securities Co., Inc., Summit Creditors' Trust, and Summit Securities, Inc. v. PricewaterhouseCoopers, LLP*, Case No. CV-05-290-FVS (the "Litigation").

Pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, the following findings of fact shall be construed as conclusions of law when appropriate, and with all capitalized terms

Page 2
Findings of Fact and Conclusions of Law re: Order Authorizing Compromise
of Claims, Approving Settlement Agreement, Barring Third-Party Claims
for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 2 of 8

not otherwise defined herein to be defined as set forth in the Settlement Agreement filed in connection with the Motion;

NOW THEREFORE, the Court makes the following Findings of Fact:

1. In compliance with RCW § 4.22.060(1), the Movants properly transmitted notice of the Motion, including entry of the proposed bar order, on all known persons with potential claims for contribution and indemnity against PwC.

2. A reasonable opportunity to object and be heard ("Notice and Hearing") with respect to the Motion and the relief requested therein has been afforded to all persons served with notice.

3. The Notice and Hearing constituted the equivalent of a reasonableness hearing in accordance with the requirements of RCW § 4.22.060(1).

4. The Court has considered the factors applicable under Bankruptcy Rule 9019 in assessing the fairness, reasonableness and adequacy of the Settlement Agreement. In particular, the Court has considered:

- The probability of success in the litigation – the complex facts underlying the claims and the defenses that would be raised at trial of the Litigation and the uncertain nature of its outcome make this factor weigh in favor of finding the settlement is reasonable;

- The complexity of the litigation and the expense, inconvenience, and delay – each of these factors militates in favor of approving the settlement as reasonable, particularly the balance of a substantial assured recovery now as against uncertain recovery after further

Findings of Fact and Conclusions of Law re: Order Authorizing Compromise of Claims, Approving Settlement Agreement, Barring Third-Party Claims for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

lengthy and expensive proceedings in the Litigation and the possibility of an appeal even after conclusion of the trial;

- The paramount interest of the creditors and a proper deference to their reasonable views – the Court notes that the Trusts have previously approved the Settlement Agreement and seek approval of the proposed order approving Settlement Agreement and barring third-party claims for contribution or indemnity against PricewaterhouseCoopers, LLP.

5. The Court has also considered the factors applicable under RCW 4.60.060 in assessing the fairness, reasonableness and adequacy of the proposed settlement. In particular, the Court has considered:

- The releasing person's damages and the merits of the releasing person's liability theory – the facts concerning both the amount of damages and the elements of the underlying claim against PwC are complex and contested, and the Court presiding in the Litigation has expressed concerns over issues relating to Movants' allegations of causation and damages, so this factor weighs in favor of reasonableness.

- The merits of the released person's defense theory – PwC would have vigorously asserted defenses at trial, as to which the facts are complex and contested, so this factor weighs in favor of reasonableness.

- The risks and expenses of continued litigation – as noted above, continued litigation would be complex, lengthy, and expensive with an uncertain outcome.

- Evidence of bad faith, collusion, or fraud – the record before the Court amply demonstrates that this settlement was the result of good faith, arm-length and contested negotiations conducted by qualified counsel with the assistance of a mediator.

- The extent of the releasing person's investigation and preparation of

Page 4

Findings of Fact and Conclusions of Law re: Order Authorizing Compromise
of Claims, Approving Settlement Agreement, Barring Third-Party Claims
for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 4 of 8

the case – the settlement occurred on the eve of trial, after the parties had completed all discovery (which was very significant) and had prepared their cases for trial.

- The interests of the parties not being released – no other persons or entities were parties to the Litigation other than Movants and PwC. Moreover, no parties who would be affected by the order have objected to its entry.

6. The Court's consideration of these factors leads it to conclude that the proposed settlement was entered into in good faith and is a fair, adequate and reasonable settlement of the released claims.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1. The Court has subject matter jurisdiction over the claims being released against PwC and the authority to determine the reasonableness of the settlement pursuant to Bankruptcy Code §105 and Bankruptcy Rules 7016 and 9019.

2. The factors considered by the Court in assessing the fairness, reasonableness and adequacy of the proposed settlement are factors applicable under Bankruptcy Rule 9019.

Page 5

Findings of Fact and Conclusions of Law re: Order Authorizing Compromise of Claims, Approving Settlement Agreement, Barring Third-Party Claims for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 5 of 8

3. The factors considered by the Court in assessing the fairness, reasonableness and adequacy of the proposed settlement are factors applicable under RCW 4.60.060.

4. The Settlement Agreement was entered into in good faith and is a fair, adequate and reasonable settlement of the released claims and is sufficient to discharge PwC from all such claims. PwC is entitled to be discharged from liability from third parties for contribution or indemnification or any other claims where the claimant's injury is liability to the Movants, as provided under RCW 4.60.060.

5. Movants have shown under applicable law that an Order should be entered providing that all persons or entities who are not parties to the Settlement Agreement are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against PwC, however styled, whether legal or equitable, known or unknown, whether for indemnification or contribution or otherwise denominated (including claims for breach of contract or misrepresentation), where the claimant's injury is the claimant's liability to the Movants and where the claim is based on any claims released by the Movants pursuant to the Settlement Agreement, including, without limitation, any claim in which such non-settling party seeks to recover from PwC (1) any amounts that

Findings of Fact and Conclusions of Law re: Order Authorizing Compromise of Claims, Approving Settlement Agreement, Barring Third-Party Claims for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 6 of 8

such non-settling party has paid, become liable to pay, or may become liable to pay in any proceeding commenced by Movants against such non-settling party and in any settlement with Movants based on claims Movants have released pursuant to the Settlement Agreement, or (2) any costs, expenses, or attorney fees that a non-settling party has incurred or may incur in defending against any such claim asserted against it by Movants (hereafter "Barred Claims"), and further that all Barred Claims should be extinguished, discharged, satisfied and made unenforceable.

6. Because non-settling parties are barred from asserting any Barred Claims against PwC, any final verdict or judgment entered in favor of Movants against a non-settling party in a proceeding brought against it by the Movants, based on claims that would have given rise to a right by such non-settling parties to assert Barred Claims but for the terms of the Order, should be reduced by the amount, if any, that such non-settling party can prove it would have been entitled to recover from PwC under a Barred Claim as determined by and provided for under the law applicable to any such Barred Claims.

7. The proposed Order Authorizing Compromise of Claims, Approving Settlement Agreement with PricewaterhouseCoopers, LLP, Barring Third-Party Claims for Contribution and Indemnity Against PricewaterhouseCoopers, LLP,

Page 7

Findings of Fact and Conclusions of Law re: Order Authorizing Compromise
of Claims, Approving Settlement Agreement, Barring Third-Party Claims
for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 7 of 8

and Shortening Time, submitted concurrently herewith, is substantially in the form attached to the Movants' Memorandum In Support Of Motion For Order Authorizing Compromise Of Claims, Approving Settlement Agreement With PricewaterhouseCoopers, LLP, And Establishing Bar Order as Exhibit 3, and should be entered.

Presented by:

SUSMAN GODFREY L.L.P.

*/s/ Parker C. Folse, III*
Parker C. Folse, III, WSBA No. 24895
Attorney for Metropolitan Mortgage &
Securities Co., Inc., the Metropolitan
Creditors' Trust, Summit Securities, Inc.,
and the Summit Creditors' Trust

DAVIDSON ❖ MEDEIROS

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07980
Attorneys for Metropolitan Mortgage &
Securities Co., Inc., the Metropolitan
Creditors' Trust, Summit Securities, Inc.,
and the Summit Creditors' Trust



Patricia C. Williams
Bankruptcy Judge

04/10/2008 02:43:18 PM

Page 8
Findings of Fact and Conclusions of Law re: Order Authorizing Compromise
of Claims, Approving Settlement Agreement, Barring Third-Party Claims
for Contribution or Indemnity, and Shortening Time
Metropolitan\Pleadings\PwC.cn

SUSMAN GODFREY L.L.P.
1201 THIRD AVENUE #3800
SEATTLE, WA 98101

04-00757-FPC11    Doc 13400    Filed 04/10/08    Entered 04/10/08 15:51:17    Pg 8 of 8