RECEIVED: 06/24/2008 10:10:28 PM

Barry W. Davidson
DAVIDSON BACKMAN MEDEIROS PLLC
1340 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Attorneys for Metropolitan Mortgage &
Securities Co., Inc., the Metropolitan
Creditors' Trust, Summit Securities,
Inc., and the Summit Creditors' Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br>Debtor.<br><br>In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-W11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: SECOND SUPPLEMENTAL ORDER AUTHORIZING SALE OF TRUST RECEIVABLES FREE AND CLEAR OF LIENS**<br><br>**(SELECT ASSETS FUND 1998-1)** |

THIS MATTER having come on regularly for hearing upon the Motion filed May 28, 2008 *[Docket No. 13425]* (the "Motion for Second Supplemental Order"), of the Metropolitan Creditors' Trust ("Metropolitan") and the Summit Creditors' Trust ("Summit"), by and through their counsel Davidson Backman Medeiros PLLC, for a Second Supplemental Order Authorizing Sale Of Trust Receivables Free And Clear Of Liens (the "Second Supplemental Order"), pursuant to the

Page 1
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings an

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 1 of 13

terms and conditions of the Order Authorizing Sale Of Structured Settlements Free And Clear Of Liens, Approving Trust Receivables Purchase Agreement, And Granting Related Relief (the "Sale Order"), entered herein on June 8, 2007 *[Docket No. 13061]*, authorizing and approving the sale by Metropolitan and Summit (the "Creditors' Trusts" or the "Sellers") of certain portfolios of receivables, payments relating thereto, and related assets from the Select Assets Fund 1998-1 that are held in trust and were distributed or to be distributed to the Creditors' Trusts, as beneficiaries of such trust estate (the "Trust Portfolio Property") to SSC Settlements, LLC (the "Purchaser"), and in connection therewith, the issuance of Supplemental Court Orders (as defined in the Sale Order); and the Court making the findings of fact and conclusions of law set forth hereafter pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with such findings of fact to be construed as conclusions of law when appropriate, and with such conclusions of law to be construed as findings of fact when appropriate, and all capitalized terms not otherwise defined herein having the meanings given such terms in the Motion for Second Supplemental Order, the Sale Order, or the Trust Receivables Purchase Agreement (the "Purchase Agreement"), as the case may be;

NOW THEREFORE, the Court makes the following Findings of Fact:

Page 2
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings.sn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 2 of 13

1. This Court has jurisdiction over the Motion for Second Supplemental Order under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion for Second Supplemental Order in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Motion for Second Supplemental Order are sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

3. On February 4, 2004 (the "Petition Date"), Metropolitan and Summit filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

4. An Order Confirming The Third Amended Joint Reorganization Plan Of Metropolitan Mortgage & Securities Co., Inc. And Summit Securities, Inc. was entered on February 13, 2006, confirming the Third Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Metropolitan Creditors' Trust and the Summit Creditors' Trust were created to fulfill the rights and obligations set forth pursuant to the Plan and the Trust Agreements by which they were created, including the duty to use all commercially reasonable efforts to liquidate, sell, or otherwise dispose of, as the case may be, all of the Metropolitan Creditors' Trust Assets and the Summit Creditors' Trust Assets as soon as reasonably possible, subject always to the Plan Administrator's obligation to take

Page 3
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings sn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 3 of 13

all actions in her capacity as the Plan Administrator in a manner consistent with the best interests of the Beneficiaries, with the powers conferred upon her under the Trust Agreements and the Plan and in accordance with the terms and provisions of the Trust Agreements and the Plan.

5. As evidenced by the Certificate(s) of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion for Second Supplemental Order and all transactions contemplated thereby, has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion for Second Supplemental Order, the proposed sale, or the transactions contemplated thereby is or shall be required.

6. A reasonable opportunity to object and be heard with respect to the Motion for Second Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Payees (as defined below), the Annuity Provider, and the Obligors.

7. The Creditors Trusts' Trust Portfolio Property with the Annuitants (the "Payees"), identified by Annuity Policy Number on Exhibit A attached to the

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 4 of 13

Motion for Second Supplemental Order, in which Payees agreed to assign and the Creditors' Trusts agreed to purchase certain payments payable under a structured settlement agreement, is hereby assigned to Purchaser.

8. The Creditors' Trusts seek to assign the payment streams (the "Periodic Payments"), identified in Exhibit A to the Motion for Second Supplemental Order that are payable through an annuity owned by Sayra & IOSO, Inc., Government Employees Insurance Company, Metropolitan Insurance and Annuity Company, Metropolitan Life Insurance Company, National Grange Mutual Insurance Company n/k/a NGM Insurance Company, or Metropolitan Property and Liability Insurance Company (the "Obligors") and issued by Metropolitan Life Insurance Company (the "Annuity Provider"), to the Purchaser. The Annuity Provider and Obligors shall remit the Periodic Payments in accordance with the payment streams set forth in said Exhibit A to Stone Street Settlement Funding (the "Transferee") at the following address: 39121 Treasury Center, Chicago, Illinois 60694-9100, or such other address as the Transferee, or its successor(s), may designate.

9. The Periodic Payments shall be made to the Transferee even in the event of death of a Payee. As of the date of entry of the Second Supplemental Order, Payees shall no longer have the power or authority to request changes to a Payee's address or beneficiary designation relating to the Periodic Payments. The

Page 5
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings.sn

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 5 of 13

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Annuity Provider and Obligors shall remit the Periodic Payments to the Transferee.

10. By making and delivering the Periodic Payments to the Transferee as set forth herein, the Annuity Provider and Obligors shall have no liability to the Payees for making the payments to the Transferee.

11. The Transferee shall be liable to the Annuity Provider and Obligors for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Provider and Obligors with the Second Supplemental Order and/or arising as a consequence of the Transferee's failure to comply with applicable law.

12. The Second Supplemental Order shall in no way modify or negate the ownership or control of the underlying contract by the Obligors and shall be entered without prejudice to the rights of the Annuity Provider and the lack of opposition by the Annuity Provider and Obligors to this transfer, and their compliance with the Second Supplemental Order, and the Court's entry of the Second Supplemental Order, shall not constitute evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity

Page 6
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings.an

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 6 of 13

contract or related contracts or orders; (iii) the validity of other transactions entered into by Transferee; or (iv) whether the Annuity Provider and the Obligors have waived any rights in connection with any other litigation or claims or rights other than the rights to the Periodic Payments as described above.

13. The Second Supplemental Order shall be binding upon and shall inure to the benefit of any and all successors and assigns of the (a) Creditors' Trusts, (b) the Purchaser, (c) the Payees, (d) the Transferee, and (e) other interested parties.

14. The Court shall retain jurisdiction to interpret and enforce the provisions of the Second Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth therein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

15. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Second Supplemental Order shall not be stayed for ten (10) days

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

after entry thereof, but shall be effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein, and the Creditors' Trusts and the Purchaser intend to close such transactions as soon as practicable. Therefore, any party objecting to entry of the Second Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

16. Findings of Fact and Conclusions of Law Re: Second Supplemental Order Authorizing Sale of Trust Receivables should be entered as set forth herein.

17. The Second Supplemental Order should be entered in the form attached to the Motion for Second Supplemental Order as Exhibit C.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following Conclusions of Law constitute Findings of Fact, they are adopted as such.

1. All requirements of section 363(b) and (f) of the Bankruptcy Code and any other applicable law relating to the sale of Portfolio Property have been satisfied. Those parties asserting liens on, or other interests in, Portfolio Property who did not object to the Motion for Second Supplemental Order, or who have withdrawn their objections, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

Page 8
Findings of Fact and Conclusions of Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings.an

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 8 of 13

2. This Court has jurisdiction over the Motion for Second Supplemental Order under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion for Second Supplemental Order in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in the Motion for Second Supplemental Order are sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4. As evidenced by the Certificate(s) of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion for Second Supplemental Order and all transactions contemplated thereby, has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion for Second Supplemental Order, the proposed sale, or the transactions contemplated thereby is or shall be required.

5. A reasonable opportunity to object and be heard with respect to the Motion for Second Supplemental Order and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

required by the Purchase Agreement, including the Payees, the Annuity Provider, and the Obligors.

6. The Creditors Trusts' Trust Portfolio Property with the Payees, in which Payees agreed to assign and the Creditors' Trusts agreed to purchase certain payments payable under a structured settlement agreement, is hereby assigned to Purchaser.

7. The Creditors' Trusts hereby assign the Periodic Payments to the Purchaser. The Annuity Provider and Obligors will remit the Periodic Payments in accordance with the payment streams set forth in said Exhibit A to the Motion for Second Supplemental Order to the Transferee at the following address: c/o Stone Street Settlement Funding, 39121 Treasury Center, Chicago, Illinois, 60694-9100, or such other address as the Transferee, or its successor(s), may designate.

8. The Periodic Payments shall be made to the Transferee even in the event of death of a Payee. As of the date of entry of the Second Supplemental Order, Payees no longer have the power or authority to request changes to a Payee's address or beneficiary designation relating to the Periodic Payments. The Annuity Provider and Obligors shall remit the Periodic Payments to the Transferee.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 10 of 13

9. By making and delivering the Periodic Payments to the Transferee as set forth herein, the Annuity Provider and Obligors have no liability to the Payees for making the payments to the Transferee.

10. The Transferee is hereby liable to the Annuity Provider and Obligors for any liabilities, taxes, or costs of any kind, including reasonable costs and attorneys' fees arising from compliance by the Annuity Provider and Obligors with the Second Supplemental Order and/or arising as a consequence of the Transferee's failure to comply with applicable law.

11. The Second Supplemental Order in no way modifies or negates the ownership or control of the underlying contract by the Obligors and is entered without prejudice to the rights of the Annuity Provider and the lack of opposition by the Annuity Provider and Obligors to this transfer, and their compliance with the Second Supplemental Order, and the Court's entry of the Second Supplemental Order, shall not constitute evidence in this or any other matter regarding: (i) the assignability of payments under a structured settlement agreement or annuity contract or related contracts or whether such payments can be assigned; (ii) the enforceability of provisions that restrict and/or preclude assignment of payments under a structured settlement agreement or annuity contract or related contracts or orders; (iii) the validity of other transactions entered into by the Transferee; or (iv) whether the Annuity Provider and the

Page 11
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan-Mortgage\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 11 of 13

Obligors have waived any rights in connection with any other litigation or claims or rights other than the rights to the Periodic Payments as described above.

12. The Second Supplemental Order is binding upon and inures to the benefit of any and all successors and assigns of the (a) Creditors' Trusts, (b) the Purchaser, (c) the Payees, (d) the Transferee, and (e) other interested parties.

13. The Court hereby retains jurisdiction to interpret and enforce the provisions of the Second Supplemental Order in all respects, including, without limitation, retaining exclusive jurisdiction to determine or resolve any and all objections to or disputes among the parties with respect to the matters set forth therein, provided however that, in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

14. Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), the Second Supplemental Order shall not be stayed for ten (10) days after entry thereof, but is effective and enforceable immediately upon issuance thereof. Time is of the essence in closing the transactions referenced herein, and the Creditors' Trusts and the Purchaser intend to close such transactions as soon

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 13480    Filed 06/27/08    Entered 06/27/08 11:47:25    Pg 12 of 13

as practicable. Therefore, any party objecting to entry of the Second Supplemental Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

15. The Second Supplemental Order shall be entered in the form attached to the Motion for Second Supplemental Order as Exhibit C.

Presented by:

DAVIDSON BACKMAN MEDEIROS PLLC

*/s/ Barry W. Davidson*
Barry W. Davidson, WSBA No. 07908
Attorney for Metropolitan Mortgage &
Securities Co., Inc., the Metropolitan
Creditors' Trust, Summit Securities, Inc.,
and the Summit Creditors' Trust



Patricia C. Williams
Bankruptcy Judge

06/27/2008 11:37:19 AM

Page 13
Findings of Fact and Conclusions of
Law re: Second Supplemental Order
Metropolitan Mortgage\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1340 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 13480   Filed 06/27/08   Entered 06/27/08 11:47:25   Pg 13 of 13