
# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,**<br><br><br>Debtor. | Jointly Administered Under:<br>No. **04-00757-FPC11**<br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER AUTHORIZING SALE OF RECEIVABLES PORTFOLIOS, APPROVING RECEIVABLES PURCHASE AGREEMENT, AND GRANTING RELATED RELIEF** |
| In re. . .<br><br>**SUMMIT SECURITIES, INC.,**<br><br><br>Debtor. | |

THIS MATTER having come on regularly for hearing upon the Motion filed October 28, 2019 *[Dkt. No. 14600]* (the "Motion"), of Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan"), the Metropolitan Creditors' Trust (the "Metropolitan Trust"), Summit Securities, Inc. ("Summit"), and the Summit Creditors' Trust (the "Summit Trust," and together with the Metropolitan Trust, the "Trusts"), by

Page 1
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 1 of 10

and through their counsel, for an Order Authorizing Sale Of Receivables Portfolios, Approving Receivables Purchase Agreement, And Granting Related Relief (the "Sale Order"), authorizing and approving the sale by the Trusts of certain portfolios of Receivables[1] and related assets entitling the Trusts to certain payments (as defined in the Receivables Purchase Agreement and whether owned by the Metropolitan Trust, the Summit Trust, or jointly by the Trusts) to Strike Investments, Inc., a Delaware corporation, and its successors and assigns ("Purchaser"), with such sale to be in accordance with the terms and conditions of the Receivables Purchase Agreement, dated as of September 30, 2019 (the "Purchase Agreement"), a true and correct copy of which is attached to the supporting Declaration of Maggie Y. Lyons as Exhibit 1, providing for the sale of the Metropolitan Portfolio, the Summit Portfolio, the Select Portfolio, and all Settlement documents, Settlement Purchase Documents, Receivable Documents, and other records and documents associated therewith, collectively referred to as the "Portfolio Property," to Purchaser pursuant to the Purchase Agreement, and the granting of certain related relief; and the Court having reviewed the Motion and the supporting

---

[1] All capitalized terms not otherwise defined herein shall have the meanings as defined in the Receivables Purchase Agreement. Certain of the terms of the Receivables Purchase Agreement are summarized herein. Reference is made to the Receivables Purchase Agreement for a complete recitation of the terms of the proposed transaction. In the event of conflict between the terms as summarized herein and the actual terms of the Receivables Purchase Agreement, the Receivables Purchase Agreement will control.

Page 2
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 2 of 10

Declaration of Maggie Y. Lyons, and having considered the statements of counsel; and adequate and sufficient notice of the Motion, the Purchase Agreement, and all transactions contemplated thereunder and in the Sale Order, having been given to those parties in interest entitled to receive notice pursuant to the Standing Order Limiting Notice In Jointly Administered Case entered herein on February 6, 2004 (the "Standing Order"); and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having determined that the legal and factual bases set forth in the Motion and supporting pleadings establish just cause for the relief granted herein; and the Court making the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, with findings of fact to be construed as conclusions of law and conclusions of law to be construed as findings of fact when appropriate;

NOW THEREFORE, the Court making the following Findings of Fact:

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

Page 3
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 3 of 10

2. The statutory predicates for the relief sought in the Motion are Sections 105(a), 363, and 1146(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

3. On February 4, 2004 (the "Petition Date"), Metropolitan and Summit filed their respective petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

4. An Order Confirming The Third Amended Joint Reorganization Plan Of Metropolitan Mortgage & Securities Co., Inc. And Summit Securities, Inc. was entered on February 13, 2006, confirming the Third Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Trusts were created to fulfill the rights and obligations set forth pursuant to the Plan and the Trust Agreements by which they were created, including the duty to use all commercially reasonable efforts to liquidate, sell, or otherwise dispose of, as the case may be, all of the Metropolitan Trust Assets and the Summit Trust Assets as soon as reasonably possible, subject always to the Plan Administrator's obligation to take all actions in her capacity as the Plan Administrator in a manner consistent with the best interests of the Beneficiaries, with the powers conferred upon her under the Trust Agreements and the Plan and in accordance with the terms and provisions of the Trust Agreements and the Plan.

5. As evidenced by the Certificate of Service filed with this Court: (i) due, proper, timely, adequate, and sufficient notice of the Motion, the proposed sale, and all

Page 4
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 14612   Filed 12/18/19   Entered 12/18/19 10:54:15   Pg 4 of 10

transactions contemplated thereby, has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 1112(b) and Bankruptcy Rules 2002 and 6004 and in compliance with the Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the proposed sale, or the transactions contemplated thereby is or shall be required.

6. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all persons and entities set forth by the Standing Order, and as required by the Purchase Agreement, including the Claimants, the Annuity Providers, and the Obligors.

7. The Trusts and Purchaser executed the Purchase Agreement, dated as of September 30, 2019, providing, among other things, for the sale of Portfolio Property. As of the date hereof, and before the sale contemplated by the Purchase Agreement, the Metropolitan Trust, the Summit Trust, or the Trusts jointly own the Portfolio Property. Regardless of which Trust owns the Portfolio Property, the sale thereof, as provided herein and in the Purchase Agreement, is a valid and binding sale of such property.

8. The Purchase Agreement provides for a total sale price of $1,214,000.00 (the "Purchase Price").

9. On October 28, 2019, the Trusts filed the Motion and the supporting Declaration of Maggie Y. Lyons with a copy of the Purchase Agreement.

Page 5
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 5 of 10

10. The Trusts have determined that Purchaser's offer contained in the Purchase Agreement presents the best opportunity to realize the highest value for Portfolio Property. The consideration provided by Purchaser pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Portfolio Property, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

11. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. Purchaser is not an "insider" of either of the Trusts, as that term is defined in Bankruptcy Code section 101. Neither the Trusts nor Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n).

13. The Purchase Agreement and all of the transactions related thereto were negotiated and have been and are undertaken by the Trusts, Purchaser, and their respective counsel and advisors at arm's length, without collusion, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the

Page 6
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 14612   Filed 12/18/19   Entered 12/18/19 10:54:15   Pg 6 of 10

foregoing, the Trusts and Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code.

14. Exigent circumstances and sound business reasons exist for the sale of the Portfolio Property pursuant to the Purchase Agreement. Entry into the Purchase Agreement and consummation of the transactions contemplated thereby constitute the exercise by the Trusts of sound business judgment, and are in the best interests of the Trusts and their creditors. The Trusts have articulated good and sufficient business reasons justifying the sale of the Portfolio Property pursuant to section 363 of the Bankruptcy Code. Such business reasons include, but are not limited to, the fact that: (i) the Purchase Price constitutes the highest or best offer for the Portfolio Property; (ii) the Purchase Agreement and the Closing thereof will present the best opportunity to realize the value of the Trusts on a going concern basis and avoid decline and devaluation of the Portfolio Property, and (iii) the Purchase Agreement and the Closing thereof will ensure an orderly transfer of the assets from the Trusts to Purchaser.

15. The Trusts have full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of the Portfolio Property has been duly and validly authorized by all necessary corporate power and authority necessary to consummate the transactions contemplated by the Purchase Agreement. No consents or approvals, other than those expressly set forth in the

Page 7
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 7 of 10

Purchase Agreement (which includes entry of the Sale Order), are required for the Trusts to consummate such transactions.

16. The consideration to be realized by the Trusts pursuant to the Purchase Agreement is fair and constitutes reasonably equivalent value for the Portfolio Property proposed to be sold thereunder. The Purchase Price is fair and reasonable and is sufficient value for the Portfolio Property.

WHEREFORE, having entered the foregoing Findings of Fact, the Court hereby makes the Conclusions of Law set forth hereafter. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1. All requirements of section 363(b) of the Bankruptcy Code and any other applicable law relating to the sale of the Portfolio Property have been satisfied.

2. The transaction reflected in the Purchase Agreement represents the highest or best offer received by the Trusts for the Portfolio Property. The Trusts have been authorized under section 363 of the Bankruptcy Code to determine in their business judgment the highest or best offer, taking into account all relevant factors. This determination was made in good faith, in a fair manner, without the presence of fraud.

3. The transactions contemplated by the Purchase Agreement have been bargained for and are undertaken at arm's length, without collusion, and in good faith as that term is used in section 363(m) of the Bankruptcy Code. Purchaser and the Trusts

Page 8
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11   Doc 14612   Filed 12/18/19   Entered 12/18/19 10:54:15   Pg 8 of 10

have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided pursuant to section 363(n) of the Bankruptcy Code. In the absence of a stay pending appeal, if Purchaser consummates the Purchase Agreement at any time after entry of the Sale Order, Purchaser shall be entitled to the protections of section 363(m) of the Bankruptcy Code if the Sale Order or any authorization contained therein is reversed or modified on appeal.

4. The transfer of the Portfolio Property: (a) represents or will represent a legal, valid, and effective transfer of the Portfolio Property; (b) vests or will vest Purchaser with all right, title, and interest (including common law right) of the Trusts in and to the Portfolio Property; and (c) constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law fraudulent conveyance or fraudulent transfer laws.

5. The transactions contemplated by the Purchase Agreement are determined to be in furtherance of the Plan and the Trust Agreements in that the net proceeds of the sale of the Portfolio Property are essential and required to continue to fund the Plan for the Trusts, and therefore, the transfer of the Portfolio Property to Purchaser and the related transactions are exempt under section 1146(c) of the Bankruptcy Code from any stamp or similar tax in all necessary jurisdictions related to the sale and transfer of the Portfolio Property to Purchaser.

Page 9
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 9 of 10

6. All provisions of the Sale Order are nonseverable and mutually dependent.

/// End of Order ///

Presented by:

DAVIDSON BACKMAN MEDEIROS PLLC

　/s/ Barry W. Davidson
Barry W. Davidson, WSBA No. 07908
*Attorney for Metropolitan Mortgage & Securities
　Co., Inc. and the Metropolitan Creditors' Trust*
1550 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington  99201
Telephone: (509) 624-4600


ELSAESSER ANDERSON, CHARTERED

　/s/ J. Ford Elsaesser
J. Ford Elsaesser, ISBA No. 02205
*Attorney for Summit Securities, Inc. and the
　Summit Creditors' Trust*
414 Church Street, Suite 201
Sandpoint, Idaho  83864
Telephone: (208) 263-8517

Page 10
Findings of Fact and Conclusions of
Law re: Sale of Receivables Portfolios
Metro\Pleadings.cn

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

04-00757-FPC11    Doc 14612    Filed 12/18/19    Entered 12/18/19 10:54:15    Pg 10 of 10